**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KATHLEEN M. WALKER, SB# 156128
  E-Mail: Kathleen.Walker@lewisbrisbois.com
LYNNETTE A. CHRISTOPOULOS, SB# 192123
  E-Mail: Lynnette.Christopoulos@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA CARRILLO, individually and as heir of DAVID CARRILLO, deceased,<br>　　　　Plaintiff,<br>　vs.<br>VILLA MESA CARE CENTER, a/k/a San Antonio Post Acute, and DOES 1-50,<br>　　　　Defendants. | CASE NO. 5:21-cv-00150 FLA(SPx)<br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CUSTODIAN OF RECORDS; EXHIBITS**<br>[Filed Concurrently with [Proposed] Order]]<br>Hearing:　April 2, 2021<br>Time:　　1:30 p.m.<br>Dept.　　6B<br>Hon. Fernando L. Aenlle-Rocha<br>Action Filed:　December 23, 2020<br>Trial Date:　None Set |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 2, 2021, at 1:30 p.m., in Department 6B, Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER

4843-2384-6106.1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION

("Defendant"), hereby Motions for an order compelling plaintiffs to arbitrate in binding arbitration the controversy alleged in the Complaint, and request for stay of this action will be heard.

The Motion and request for stay is based upon this Notice, the accompanying Motion to Compel Arbitration pursuant to the Federal Arbitration Act and/or California Code of Civil Procedure §§ 1281, 1281.2, 1281.4, and 1290 et. seq., the Memorandum of Points and Authorities in support, the attached declaration of Custodian of Records, the attached exhibits, all pleadings, papers and records on file herein, and upon any oral argument of counsel at the time of the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R.7-3, which Defendant commenced relative to Plaintiffs' Complaint in writing on January 26, 2021. (Attached to the Declaration of Lynnette Christopoulos, filed concurrently herewith.)

DATED: February 2, 2021          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Lynnette A. Christopoulos
KATHLEEN M. WALKER
LYNNETTE A. CHRISTOPOULOS
Attorneys for Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 28, 2019, as part of the original admission process to the long term care facility, admission documents and agreements were signed related to David Carrillo ("Mr. Carrillo" or "Decedent") stay at SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER ("Villa Mesa"). At Mr. Carrillo's direction, and acting as Mr. Carrillo's legal representative, Mr. Carrillo's sister, Cynthia Carrillo, entered a voluntary, uncoerced and informed agreement that expressly requires Mr. Carrillo and his heirs to submit claims arising out of the services provided by Villa Mesa to binding arbitration. In disregard of that arbitration agreement, Plaintiffs' Complaint consists exclusively of claims concerning the nature of nursing services provided by Villa Mesa, including statutory claims.

Governing law mandates that arbitration agreements such as those entered by Plaintiffs are presumed enforceable and rigorously enforced. *See Perry v. Thomas,* 482 U.S. 483, 490 (1987); *Berman v. Dean Witter & Co., Inc.,* 44 Cal. App. 3d 999, 1003 (1975). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25 (1983); *see also Pacific Investment Co. v. Townsend,* 58 Cal. App. 3d 1, 9-10 (1976).

Per the terms of the attached Arbitration Agreement, Plaintiffs are contractually bound to adjudicate this matter in binding arbitration and not in District Court. Plaintiffs cannot and must not be permitted to avoid their contractual obligation and thus the instant Motion to Compel Arbitration should be granted.

Failure to grant the instant Motion will allow plaintiffs to use the judicial system to breach an otherwise valid and enforceable contract to arbitrate. Failure to grant the instant Motion will also deviate from the clear intent of the parties that

disputes, such the instant dispute, be resolved by way of binding arbitration. Further, failure to compel arbitration would open the door to undermine all arbitration agreements after one party has relied upon its existence. Defendant is entitled to arbitration based on the strong public policy favoring arbitration as a means of resolving disputes because it is expeditious, inexpensive, and relieves overburdened courts. Accordingly, Defendant hereby respectfully requests that the instant Motion be granted.

## II. FACTUAL BACKGROUND

This is an action against a skilled nursing facility where Mr. Carrillo resided. Upon his admission to Villa Mesa, on or about December 28, 2019, Mr. Carrillo entered into an agreement for binding arbitration (the "Villa Mesa Arbitration Agreement"). Declaration of Lynnette Christopoulos ("Decl."), Ex. 2. Mr. Carrillo's sister, Cynthia Carrillo, signed the Villa Mesa Arbitration Agreement on Mr. Carrillo's behalf as Mr. Carrillo's agent. *See Id.*

The signed Villa Mesa Arbitration Agreement provides that:

> It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract. by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead accept the use of arbitration.

\_\_\_\_ Decl., *Ex. 2, Art. 1*.

The Villa Mesa Arbitration Agreement explicitly gave Plaintiffs the unqualified right to rescind within 30 days as provided for in section 1295(c) of the *Code of Civil Procedure*. (*Id.*)

## III. GOVERNING LAW AND CALIFORNIA PUBLIC POLICY COMPEL ARBITRATION OF THIS MATTER

### A. Legal Standard

Under the Federal Arbitration Act and California law, arbitration agreements such as that entered by Plaintiffs are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also* Cal. Code Civ. Proc. § 1281 ("A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract"). Moreover, arbitration is a highly favored means of settling disputes, and the Supreme Court has stated that arbitration agreements "must be `rigorously enforce[d].'" *Perry,* 482 U.S. at 490 (quoting *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 221 (1985)) (alteration in *Perry); see also Berman,* 44 Cal. App. 3d at 1003 (observing that in California "arbitration is highly favored as a method for the settlement of disputes" and collecting cases).

> "The [party seeking arbitration] bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Bridge Fund Capital Corp. v. Fastbucks Franchise,* 622 F.3d 996, 1005 (9th Cir. 2010) (quoting *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 972 (1997)); *Rosenthal v. Great Western Fin. Sec. Corp.,* 14 Cal. 4th 394, 413 (1996) (party opposing petition to compel arbitration by challenging enforceability of arbitration agreement bears burden of proving agreement is unenforceable).

Governing authority also dictates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses,* 460 U.S. at 25; *Pacific Investment,* 58 Cal. App. 3d at 9-10 ("Courts should indulge every intendment to give effect to such proceedings and order arbitration unless it can be said with assurance that the arbitration clause is not susceptible of an interpretation

that covers the asserted dispute.") (internal citations omitted).

Courts have stated that arbitration agreements should be liberally interpreted and that arbitration should be ordered unless the agreement clearly does not apply to the dispute in question. *Weeks v. Crow* (1980) 113 Cal.App.3d 350, 353. *In Retail Clerks Union, Local 775 v. Purity Stores, Inc*. (1974) 41 Cal.App.3d 225, 231, the court ordered arbitration, stating:

> "Doubts as to whether an arbitration clauses applies are to be resolved in favor of arbitration. [Citation] Arbitration should be ordered "unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." [Citations]"

Clearly, this dispute is subject to arbitration as the Agreement on its face reflects that the parties have agreed to resolve any dispute by way of binding arbitration. Accordingly, the instant Motion to Compel Arbitration should be granted.

### B. Cynthia Carrillo Had Authority to Sign the Arbitration Agreement as Her Brother's Legally Recognized Decisionmaker

Cynthia Carrillo signed the arbitration agreements on the line marked "Family Representative," and just below the provisions that read:

"The Resident and/or the person executing this Agreement certifies that he/she has read this Agreement and has been given a copy of this Agreement, and affirmatively represents he/she is duly authorized, by virtue of the Resident's consent, instruction and/or durable power of attorney, to execute this Agreement and accept its terms on behalf of the Resident and acknowledges that the Facility is relying on the aforementioned certification."

*See* Decl. *Ex. 2.*

### C. The Claims Asserted In Plaintiffs' Complaint Are Explicitly Covered By The Arbitration Agreement

Every cause of action in Plaintiffs' Complaint is encompassed by the Villa

Mesa Arbitration Agreement. Specifically, the Complaint asserts causes of action for Elder Abuse (pursuant to the Elder Abuse and Dependent Adult Civil Protection Act — Welfare & Institutions Code §§ 15600 *et seq.*),Negligence, Wrongful Death, and Violation of Resident Rights. Mr. Carrillo agreed, however, that such claims would be resolved in arbitration:

> It is further understood that any dispute between Resident and Villa Mesa…that relates to the provision of care, treatment and services the Facility provides to the Resident...including any action for injury or death arising from negligence, intentional tort and/or statutory causes of action (including all California Welfare and Institutions Code sections), will be determined by submission to binding arbitration as provided by California law, and not by lawsuit or resort to court process except as California law provides judicial review of arbitration proceedings. The parties to this agreement are giving up their Constitutional right to have all disputes decided in a court of law before a jury, and instead are accepting the use of binding arbitration…

Decl. *Ex. 2, Art. 2.*

As the Court is aware, a party to a written contract is charged with having read and understood its contents. *Randas v. YMCA* (1993) 17 Cal.App.4th 158, 163. In fact, when a person with the capacity of reading and understanding an instrument signs it, she may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground that he failed to read it before signing it. *Bolanos v. Khalatian* (1991) 231 Cal.App.3d 1586, 1590. Accordingly, by executing the attached contract, the law presumes that Cynthia Carrillo read and understood its terms and thus assented to the terms therein. Therefore, the instant Motion should be granted.

Since the claims asserted against the moving Defendant arise from, are related to, and/or have a connection with the care and services rendered to decedent, David Carrillo, during his residency at Villa Mesa, the subject Motion should be granted as that is what the parties clearly intended and contracted to take place; including all claims brought by the decedent's estate and by the decedent's heir. Not only does

the Agreement expressly reference that it applies to any and all claims, but it also expressly references heirs. *Ruiz v. Podolsky,* (2010) 50 Cal.4th 838. Accordingly, Defendant respectfully requests that the Court order this entire matter to binding arbitration.

Governing authority dictates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses,* 460 U.S. at 25. Here, where the asserted claims are *unambiguously* within the agreement's broad scope, which includes *"any dispute between the parties,"* and specifically claims of Elder Abuse, arbitration must be compelled.

### D. Plaintiffs Are Bound By The Arbitration Agreement Because Cynthia Carrillo, Acting As Mr. Carrillo's Agent, Signed The Agreement On Mr. Carrillo's Behalf

It is clear that, in signing the Villa Mesa Arbitration Agreement, Cynthia Carrillo had the legal power as an agent to bind Mr. Carrillo to the agreement's terms.

An agency relationship is created where "the *principal* intentionally, or by want of ordinary care, [has caused] a third person to believe another to be his agent who is not really employed by him." *Pagarigan v. Libby Care Ctr., Inc.,* 99 Cal. App. 4th 298, 301-02 (2002) (quoting Cal. Civ. Code § 2300) (alterations and emphasis in *Pagarigan); see also Hogan v. Country Villa Health Servs.,* 148 Cal. App. 4th 259, 266 (2007) (the "decision to enter into optional revocable arbitration agreements in connection with placement in a health care facility, as occurred here, is a `proper and usual' exercise of an agent's powers") (citing *Garrison v. Superior Court,* 132 Cal. App. 4th 253, 266 (2005)). Here, Cynthia Carrillo was assigned as her brother's legal decisionmaker pertaining to decedent's admission at Villa Mesa. This demonstrates that Cynthia Carrillo had the actual authority to sign the Villa Mesa admissions documents, including the Villa Mesa Arbitration Agreement.

The fact that Mr. Carrillo's daughter signed the agreement attesting to the

fact she is the legally recognized decisionmaker of her brother, authorized Cynthia Carrillo to act as decedent's agent when Mr. Carrillo was admitted to Villa Mesa. Section 4657 of the California Probate Code provides that "[a] patient is *presumed* to have the capacity to make a health care decision, to give or revoke an advance health care directive, and to designate or disqualify a surrogate" (emphasis added).

When Cynthia Carrillo signed the Arbitration Agreement, and all other related agreements, she was acting at all times as Mr. Carrillo's actual agent and she had no reason to do so otherwise. These facts create an agency relationship between Decedent with respect to the Villa Mesa Arbitration Agreement. As such, Plaintiffs, as the "heirs representative, executors, administrators, successors, and assigns" of Mr. Carrillo and Cynthia Carrillo, are bound by the arbitration agreement that Cynthia Carrillo signed on his behalf. Decl. *Ex. 2*.

## IV. CONCLUSION

Defendant has met the sole burden placed upon it by the law: demonstrating the existence of an arbitration agreement covering the asserted claims. That is all that is needed to send this case to arbitration. Defendant therefore respectfully requests that the Court issue an order (a) compelling arbitration of all claims in this action, and (b) staying all further proceedings in this action pending the outcome of binding arbitration.

DATED: February 2, 2021     LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ Lynnette A. Christopoulos
KATHLEEN M. WALKER
LYNNETTE A. CHRISTOPOULOS
Attorneys for Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER

4843-2384-6106.1

9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION

# **LYNNETTE A. CHRISTOPOULOS**

I, Lynnette A. Christopoulos, hereby declare:

1. The following is of my own personal knowledge and if called to testify thereto, I could and would do so competently. I am an attorney at law, duly licensed to practice in the State of California. I am partner at Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER (hereinafter "Defendant").

2. On January 26, 2021, my office served Plaintiffs' counsel, a meet and confer letter detailing the basis for the Motion to Compel Arbitration. A true and correct copy of this correspondence is attached hereto as **Exhibit "1."**

3. In the meet and confer letter Defendant asked counsel if he would agree to submit this matter to Arbitration pursuant to the signed Arbitration Agreement related to decedent's stay at Defendant's facility. To date, my office has not had any further discussions with plaintiffs' counsel's firm regarding Arbitration.

4. Thus, Defendants complied with the meet and confer requirements of Central District Court Local Rule 7-3 prior to filing their Motion/Petition to Compel Arbitration.

5. Attached hereto as Exhibit 2 is a true and correct copy of the Arbitration Agreement pertaining to David Carrillo, relating to his admission at Defendant's facility, Villa Mesa Care Center.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 2, 2021, at Los Angeles, California.

/s/ Lynnette A. Christopoulos

LYNNETTE A. CHRISTOPOULOS



# FEDERAL COURT PROOF OF SERVICE
*Carrillo, et al. v. Sela Healthcare Inc., dba Villa Mesa Care Center*
Case No. 5:21-cv-00150-FLA(SPx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 2, 2021, I served the following document(s): **DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION; EXHIBITS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Anne Marie Murphy, Esq.<br>Samuel Gutin, Esq.<br>Cotchett, Pitre & McCarthy<br>800 Malcom Road, Suite 200<br>Burlingame, CA 94010<br>Tel: (650) 697-6000<br>Fax: (650) 697-0577<br>E-mail: AMurphy@cpmlegal.com<br>E-mail: sgutin@cpmlegal.com<br>***Attorneys for Plaintiffs*** | Carlos Urzua, Esq.<br>Kali V. Fournier, Esq.<br>Cotchett, Pitre & McCarthy<br>2716 Ocean Park Blvd., #3088<br>Santa Monica, CA 90405<br>Tel: (310) 392-2008<br>E-mail: curzua@cpmlegal.com<br>E-mail: kfournier@cpmlegal.com<br>***Attorneys for Plaintiffs*** |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on February 2, 2021, at Los Angeles, California.

*/s/ Yissel Lopez*
Yissel Lopez