ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000

CARLOS URZUA (SBN 303176)
curzua@cpmlegal.com
KALI V. FOURNIER (SBN 320579)
kfournier@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA CARRILLO,** individually and as heir of **DAVID CARRILLO**, deceased,<br><br>            Plaintiff,<br><br>      v.<br><br>**VILLA MESA CARE CENTER**, a/k/a **San Antonio Post Acute Facility**;<br><br>and,<br><br>**DOES 1-50**.<br><br>            Defendants. | Case No.  5:21-cv-00150 FLA-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION**<br><br>Hearing:      April 2, 2021<br>Time:          1:30 p.m.<br>Dept:          6B<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>Action Filed:  December 23, 2020<br>Trial date:    None Set |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ................................................................................. 1

II.   STATEMENT OF RELEVANT FACTS .............................................. 3

III.   ARGUMENT ........................................................................................ 4

   A.   Before Ruling on Defendant's Motion to Compel Arbitration, The Court Should First Rule on Plaintiff's Motion for Remand and Determine Whether it has Jurisdiction. ................................................. 4

   B.   Defendant Fails to Meet Its Burden That a Valid Arbitration Agreement Exists. ................................................................................ 5

      1.   The Arbitration Agreement Produced by Defendant Has Not Been Properly Authenticated in Accordance with Evidence Code § 1401(a). ............................................................................... 7

      2.   The Arbitration Agreement Produced by Defendant is Invalid, Regardless of Authentication, Because It Is Not Binding to Decedent's Heirs. ...................................................................... 9

      3.   Defendant VMCC Bears the Burden of Proving the Existence of a Valid Arbitration Agreement. ...................................................... 10

      4.   Mr. Carrillo Never Gave any Indication to The Facility That His Sister was His Agent, Ostensible or Otherwise. ........................... 12

      5.   Because There is a Possibility of Conflicting Rulings, The Court Should Exercise its Discretion Under Code of Civil Procedure § 1281.2(c). ............................................................................... 13

   C.   The Arbitration Agreement is Procedurally and Substantively Unconscionable, and Therefore Unenforceable. ............................... 15

      1.   The Agreement Lacks Bilateral Mutuality .................................... 17

IV.   CONCLUSION ................................................................................... 18

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION**; Case No. 5:21-cv-00150

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Armendariz v. Foundation Health Psychcare Services, Inc.*
(2000) 24 Cal.4th 83 ..................................................................................17, 18

*Banner Entertainment, Inc. v. Superior Court*
(1998) 62 Cal. App. 4th 348 .....................................................................................5

*County of Contra Costa v. Kaiser Foundation Health Plan. Inc.*
(1996) 47 Cal. App. 4th 237 ....................................................................................6

*Daniels v. Sunrise Senior Living, Inc.*
(2013) 212 Cal. App. 4th 674, 151 Cal. Rptr. 3d 273.Accordingly..................14, 15

*Fitz v. NCR Corp.*
(2004) 118 Cal.App.4th 702 ..................................................................................17

*Fitzhugh v. Granada Healthcare & Rehabilitation Center LLC*
(2007) 150 Cal.App.4th 469 ............................................................................14, 15

*Flores v. Evergreen at San Diego, LLC*
(2007) 148 Cal.App.4th 581 ............................................................................10, 11

*Goldman v. Sunbridge Healthcare, LLC*
(2013) 220 Cal. App. 4th 1160 ........................................................................11, 13

*Gravillis v. Coldwell Banker Residential Brokerage Co.*
(2006) 143 Cal.App.4th 761 ..................................................................................15

*Kinney v. United HealthCare Services, Inc.*
(1999) 70 Cal.App.4th 1322 ............................................................................15, 16

*Lhotka v. Geographic Expeditions, Inc.*
(2010) 181 Cal.App.4th 816 ..................................................................................16

*Lopez v. Bartlett Care Center, LLC*
(Cal.App. 2019) 39 Cal.App.5th 311, 318......................................................................13

*Martinez v. Master Protection Corp.*
(2004) 118 Cal.App.4th 107 ............................................................................17, 18

*Milliner v. Bock Evans Fin. Counsel, Ltd.*
(N.D. Cal. 2015)114 F. Supp. 3d 871 .......................................................................6

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*
(1983) 460 U.S. 1.........................................................................................................4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION**; Case No. 5:21-cv-00150

ii

*Pagarigan v. Libby Care Center Inc.*
(2002) 99 Cal App. 4th 298 ................................................................5, 13

*Revitch v. DIRECTV, LLC,*
2020 (9th Cir.)..................................................................................5

*Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*
(5th Cir.2001) 276 F.3d 683 ..............................................................5

*Rosenthal v. Great Western Financial Securities Corp.*
(1996) 14 Cal 4th 394 ........................................................................5

*Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*
(2007) 549 U.S. 422 ..........................................................................4

*Snider v. Snider*
(1962) 200 Cal.App.2d 741 ..............................................................7

*South Sacramento Drayage Co. v. Campbell Soup Co.*
(1963) 220 Cal.App.2d 851, 34 Cal.Rptr. 137 ................................12

*Suh v. Superior Court*
(2010) 181 Cal.App.4th 1504 ..........................................................16

*Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.*
(1985) 164 Cal.App.3d 1122 ............................................................6

*Toal v. Tardif*
(2009) 178 Cal.App.4th 1208 ......................................................7, 8

*Valentine v. Plum Healthcare Group, LLC*
(2019) 37 Cal. App. 5th 1076 ..........................................................12

*Valley View Health Care, Inc. v. Chapman*
(E.D. Cal. Apr. 2, 2013) No. CV F 13-0036 LJO BAM, 2013 WL 1326556..........................5

*Victoria v. Superior Court*
(1985) 40 Cal.3d 734 ........................................................................6

*Young v. Horizons West, Inc.*
(2013) 220 Cal. App. 4th 1122 ..................................................5, 9, 10

**Statutes**

California Code of Civil Procedure

§ 377.60................................................................................................14

§ 1280 *et seq.* ......................................................................................5

§ 1281.2(c) ......................................................................1, 2, 13, 14, 15

California's Elder and Dependent Adult Civil Protection Act ......................................................1

Evidence Code

§ 1401..........................................................................................................................8

§ 1401(a) ......................................................................................................................7

Federal Arbitration Act .......................................................................................................5

PREP Act ...........................................................................................................................1

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

Plaintiff CYNTHIA CARRILLO, individually and as heir of DAVID CARRILLO, deceased, hereby submit the following opposition to Defendant VILLA MESA CARE CENTER's, a/k/a San Antonio Post Acute Facility (hereinafter "Defendant" or "VMCC") motion to compel arbitration and request for stay on the following grounds:

1.  Plaintiff filed a timely motion to remand on February 25, 2021. Thereby the Court's ruling on Defendant's motion to compel arbitration should be deferred until the Court has subject matter jurisdiction over this action, including whether it has jurisdiction to compel arbitration.

2.  There is no enforceable arbitration agreement that permits Villa Mesa to compel arbitration of this matter.

3.  Defendant has not met its burden of proving Cynthia had the authority to act as Mr. Carrillo's agent in signing the agreement. Nor did Mr. Carrillo sign the admissions agreement containing the arbitration clause and thereby cannot be required to submit to arbitration which he has not agreed so to submit. Defendant offers no evidence of actual or ostensible agency.

4.  Cynthia did not sign the arbitration clause in her individual capacity. Accordingly, under California law, there is no basis to conclude that they agreed to submit their individual wrongful death claims to arbitration.

5.  Further, since the wrongful death claim cannot be compelled to arbitration, the remaining claims should likewise not be sent to arbitration pursuant to California *Code of Civil Procedure* section 1281.2, subdivision (c).

6.  The purported arbitration agreement is both procedurally and substantively unconscionable and is therefore unenforceable.

Plaintiff's Opposition is based on this notice, the attached declarations, the attached memorandum of points and authorities, and attached exhibits, the

pleadings on file on this matter, and any evidence/argument presented at hearing on this matter.

Dated:  March 12, 2021

**COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Anne Marie Murphy*
　　ANNE MARIE MURPHY
　　CARLOS URZUA
　　KALI V. FOURNIER
　　*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case involves the physical abuse and neglect of dependent adult, David Carrillo (hereinafter "David or Mr. Carrillo") while residing at Villa Mesa Care Center (hereinafter "VMCC" or "Defendant") nursing home in San Bernardino, California, which ultimately led to his untimely death. Cynthia Carrillo (hereinafter "Cynthia" or "Plaintiff") is a surviving heir and sister of David.

On December 23, 2020, Cynthia commenced this action, individually and as successor-in-interest of Mr. Carrillo, in the Superior Court of the State of California for the County of San Bernardino. Plaintiff's complaint asserts various state-law claims for violations of California's Elder and Dependent Adult Civil Protection Act, negligence, wrongful death, and violations of resident rights. (*See* ECF Dkt. No. 1-3, "Complaint".) Plaintiff seeks redress for the preventable death of her sixty-five-year-old brother David Carrillo.

On January 26, 2021, Defendant removed this case to federal court on the grounds that the relief sought in the Complaint purportedly arises under and is preempted by the immunity provisions of the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247-6e (2006) ("PREP Act."). (*See* ECF Dkt. No. 1, "Notice of Removal".) Defendant subsequently filed the current motion further delaying Plaintiff's state law claims.

As an initial matter, and as fully set forth in Plaintiffs' Motion to Remand, this Court does not have jurisdiction over this case because the PREP Act does not apply to or preempt the claims alleged and there is no evidence to support Defendant's claim that federal officer jurisdiction exists. (*See* ECF Dkt. No.15, "Motion to Remand".) To that end, Plaintiff respectfully requests this Court defer ruling on the instant Motion to Compel Arbitration until the Court rules on Plaintiff's Motion to Remand to determine whether this Court has subject matter

jurisdiction over this action, including whether it has jurisdiction to compel arbitration.

Without waiving the jurisdictional issue, the facts and evidence confirm that the motion should be denied for the following reasons:

- There is no enforceable arbitration agreement that permits Villa Mesa to compel arbitration of this matter.

- Defendant offers no evidence of actual or ostensible agency. Mr. Carrillo did not sign the admissions agreement containing the arbitration clause and cannot be required to submit to arbitration which he has not agreed so to submit. Additionally, Defendant has not met its burden of proving Cynthia had the authority to act as Mr. Carrillo's agent in signing the agreement.

- The arbitration agreement produced by Defendant is not binding to Mr. Carrillo's heirs.

- Cynthia did not sign the arbitration clause in her individual capacity. Accordingly, under California law, there is no basis to conclude that they agreed to submit their individual wrongful death claims to arbitration. Further, since the wrongful death claim cannot be compelled to arbitration, the remaining claims should likewise not be sent to arbitration pursuant to California *Code of Civil Procedure* section 1281.2, subdivision (c).

- There is also no evidence demonstrating that Mr. Carrillo granted a power of attorney to Cynthia authorizing Cynthia to waive Mr. Carrillo's constitutional rights.

- The purported arbitration agreement is both procedurally and substantively unconscionable and is therefore unenforceable.

Accordingly, Defendant's motion to compel arbitration should be denied.

/././

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff entrusted David Carrillo, a non-verbal dependent adult with Down Syndrome to the care of VMCC on December 28, 2019 for a temporary stay following a hospitalization. (*See* ECF No. 1-3, "Complaint" at ¶24.) At the request of the facility, Cynthia Carrillo signed forms that she understood were necessary for her brother's admission to the facility. (Cynthia Carrillo Decl., ¶ 4.)

In the administration office near the entrance to the facility, an employee provided Cynthia with a packet of documents and was directed where to sign. (Cynthia Carrillo Decl., ¶¶4-5.) None of the documents, or portions thereof, were explained to Cynthia, nor was she given the opportunity to ask questions regarding the information. (Cynthia Carrillo Decl., ¶6.)

Mr. Carrillo never indicated to the employee or anyone else at the time of admission that Cynthia was his agent for legal issues, such as waiving his constitutional rights to a jury trial. (Cynthia Carrillo Decl., ¶ 7.) Cynthia did not provide to VMCC any power of attorney document that authorized her to make legal decisions for her brother. (Cynthia Carrillo Decl., ¶ 8.)

All the documents presented to Cynthia for signing were form documents and she was never given any opportunity to negotiate any of the terms. (Cynthia Carrillo Decl., ¶¶5-6.) Cynthia was never told that within the facility admission packet there was an arbitration provision contained in those documents. (Cynthia Carrillo Decl., ¶9.) No one explained the meaning or effect of an arbitration agreement to Cynthia. *Id.* She was not told that the undisclosed arbitration agreement could be rescinded within 30 days. (Cynthia Carrillo Decl., ¶ 10.)

When Cynthia signed the documents, she was unaware, and never informed, that she was purportedly binding family members to the agreement, nor does she believe she had any power to do so. (Cynthia Carrillo Decl., ¶¶7-10.)

At VMCC, Plaintiff watched with distress as her brother's condition rapidly declined because Defendant failed to provide adequate care, to implement

1  or follow protective procedures and skiting safety and infection controls.

2  (Complaint at ¶¶ 3, 6.) Due to David's underlying conditions, he was especially

3  helpless and vulnerable in advocating for himself while under the full-time care

4  of VMCC. (*Id.* at ¶2.) The failure to properly care for David, the lack of

5  infectious disease protocols and significant understaffing led to David's untimely

6  death.

7  The purported arbitration agreement upon which Defendants rely to

8  support their motion is attached as an exhibit to Defendant's Motion to Compel

9  Arbitration. (*See* ECF Dkt. No. 9-2.) As discussed below, that agreement is

10  unenforceable for several reasons.

11  **III.**   **ARGUMENT**

12       **A.**   **Before ruling on Defendant's Motion to Compel Arbitration, the**

13       **Court should first rule on Plaintiff's Motion for Remand and**

14       **determine whether it has jurisdiction.**

15  As an initial matter, if this Court lacks jurisdiction because Defendant's

16  ground for removal was improper, then the Court lacks jurisdiction over this

17  matter in its entirety – including jurisdiction to determine whether to compel

18  arbitration. *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.,* (2007)

19  549 U.S. 422, 423 ("[A] federal court generally may not rule on the merits of a

20  case without first determining that it has jurisdiction over the cause (subject

21  matter jurisdiction) . . . .").

22  "'Section 4 [of the FAA] provides for an order compelling arbitration only

23  when the federal district court would have jurisdiction over a suit on the

24  underlying dispute; hence, there must be diversity of citizenship or some other

25  independent basis for federal jurisdiction before the order can issue.' *Moses H.*

26  *Cone Memorial Hosp. v. Mercury Const. Corp.,* (1983) 460 U.S. 1, 24, n. 32.

27  'The FAA is not an independent source of jurisdiction. A party may obtain relief

28  in federal court under the FAA only when the underlying civil action would

otherwise be subject to the court's federal question or diversity jurisdiction.' *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, (5th Cir.2001) 276 F.3d 683, 685." *Valley View Health Care, Inc. v. Chapman*, (E.D. Cal. Apr. 2, 2013) No. CV F 13-0036 LJO BAM, 2013 WL 1326556, at 4.[1]

Plaintiff therefore respectfully requests that the Court first determine whether it has subject matter jurisdiction over this action before deciding the merits of Defendant's Motion to Compel Arbitration.

**B.    Defendant fails to meet its burden that a valid arbitration agreement exists.**

Preliminarily, it should be noted that the arbitration agreement provided states that it is subject to California law. (*See* ECF Dkt. No. 9-2 at Article 6.) Thus, even in a federal action, California law is to be applied in determining whether the arbitration agreement is enforceable. *Revitch v. DIRECTV, LLC*, 2020 (9th Cir.) WL 5814995, 3.

As the party seeking arbitration, it is Defendant who bears the burden of proving the existence of a valid arbitration agreement. *Pagarigan v. Libby Care Center Inc.,* (2002) 99 Cal App. 4th 298, 301; *Rosenthal v. Great Western Financial Securities Corp.,* (1996) 14 Cal 4th 394, 413. "*Code of Civil Procedure* § 1280 *et seq.* provides a procedure for the summary determination of whether a valid agreement to arbitrate exists, and such summary procedure satisfies both State and Federal law." *Banner Entertainment, Inc. v. Superior Court,* (1998) 62 Cal. App. 4th 348, 356. "The trial court sits as a trier of fact, weighing all of the affidavits, declarations and other evidence, as well as oral testimony received at the Court's discretion, to reach a final determination on the issue of arbitrability." *Id.* at 356-357.

The right to arbitration depends upon a valid contract. *Young v. Horizons*

---

[1] Further, as explained below, Defendant has not met its burden of establishing that the Federal Arbitration Act applies here.

*West, Inc.*, (2013) 220 Cal. App. 4th 1122, 1128. "Even the strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement or who have not authorized anyone to act for them in executing such agreement." *County of Contra Costa v. Kaiser Foundation Health Plan. Inc.*, (1996) 47 Cal. App. 4th 237, 245.

Throughout its motion, Defendant includes statements such as "arbitration is a highly favored means of settling disputes" (*See* Defendant's Moving Papers at pg. 5) and "[g]overning authority . . .dictates that 'any doubts concerning the scope of abatable issues should be resolved in favor of arbitration." (*Id.*) But there is no public policy in favor of compelling persons to accept the arbitration of controversies they have not agreed to arbitrate. *Victoria v. Superior Court*, (1985) 40 Cal.3d 734, 744. Absent a clear and unmistakable agreement to arbitrate, the court will not infer the waiver of the right to a jury trial. *Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.*, (1985) 164 Cal.App.3d 1122, 1127-1128, 1129; *See also Milliner v. Bock Evans Fin. Counsel, Ltd.*, (N.D. Cal. 2015)114 F. Supp. 3d 871, 877.

Here, Defendant's motion should be denied because Defendant has not met its burden of establishing that Mr. Carrillo or his sister signed an enforceable arbitration agreement. Defendant presents absolutely no evidence of any agreement to arbitrate between Mr. Carrillo and VMCC. Even if Defendant's could do so, the arbitration agreement would not apply to Plaintiff's claim for wrongful death. Nor does the arbitration agreement provide that it is assignable.

Defendant claims that Cynthia Carrillo, "at Mr. Carrillo's direction" entered into the purported arbitration agreement. (*See* Defendant's Moving Papers at pg. 3). Not only does this claim lack any evidentiary support but is particularly troublesome since Mr. Carrillo was nonverbal and was treated during the last few months of his life for the onset of dementia. Again, without any evidentiary support, Defendant claims that Cynthia Carrillo was David's "legal

representative." However, as more fully discussed in the Declaration of Cynthia Carrillo, filed concurrently hereto, Cynthia did not have or provide to VMCC any power of attorney document that authorized her to make legal decisions for her brother. (Cynthia Carrillo Decl., ¶ 8.)

As such, Defendant's motion should be denied.

**1. The Arbitration Agreement Produced by Defendant has not been Properly Authenticated in Accordance with Evidence Code § 1401(a).**

Here, Defendant presents the subject arbitration agreement by attaching it to a very limited declaration from Lynnette Christopoulos. (*See* ECF Dkt. No. 9 at pg.10.) It is not sufficient to just attach an arbitration agreement to a declaration without more. *Toal*, *supra*, 178 Cal.App.4th at 1223. Evidence Code section 1401, subdivision (a) states that "[a]uthentication of a writing is required before it may be received in evidence."

An affidavit purporting to authenticate a writing must meet the following requirements: (1) it must set forth facts with particularity; and (2) it must set forth facts within the personal knowledge of the affiant, to which the affidavit shall show affirmatively, the affiant can testify competently if called as a witness. *See Snider v. Snider,* (1962) 200 Cal.App.2d 741, 751. The declaration fails to set forth facts showing that the agreement applies to both (1) Plaintiff and (2) Defendant Villa Mesa Care Center a/k/a San Antonio Post Acute Facility, as it makes no mention to either entity.

In *Toal v. Tardif,* (2009) 178 Cal.App.4th 1208, an attorney signed an arbitration agreement on behalf of his client, and the parties had their case arbitrated. The resulting arbitration award, however, was unenforceable because there was no showing by the proponent that there was a validly executed arbitration agreement. This was because there was no evidence that the attorney's

1   clients actually authorized or consented to binding arbitration. *Id*. at pp. 1221-

2   1222.

3         By just attaching the arbitration agreement to the petition, the Defendant

4   did not meet its initial burden to prove that a valid arbitration agreement existed;

5   the proponent needs to "provide additional substantiation of the agreement

6   sufficient to prove by a preponderance of the evidence that the opposing party

7   expressly authorized counsel to sign on his or her behalf or evidence that the

8   opposing party ratified the unauthorized arbitration contract." *Id*. at p. 1223. It is

9   not enough to just attach the arbitration agreement in order to petition the Court

10  to compel binding arbitration; the validity of the agreement must be shown by

11  affirmative evidence.

12        Ms. Christopoulos' declaration consists of one blanket vague statement,

13  which states "Attached hereto as Exhibit 2 is a true and correct copy of the

14  Arbitration Agreement pertaining to David Carrillo, relating to his admission at

15  Defendant's facility, Villa Mesa Care Center." (*See* ECF Dkt. No. 9 at pg.10)

16  This statement is not supported in any way. First, her declaration does not

17  indicate that she is familiar with the handwriting of any signatory nor that she

18  maintained these documents as a custodian of records. The declaration does not

19  verify that the arbitration agreement was executed on behalf of Defendant. The

20  signature on the arbitration agreement is not verified nor does it list a name. The

21  signatory line simple states under title "admissions." Moreover, there is no

22  representation that the signatory had any authority to bind the company.

23        The declaration does not properly authenticate the writing as required by

24  Evidence Code section 1401, which states that the affidavit purporting to

25  authenticate a writing must set forth facts with particularity. The Declaration of

26  Ms. Christopoulos fails to set forth any facts with particularity.

27  /././

28  /././

### 2. The Arbitration Agreement Produced by Defendant is Invalid, Regardless of Authentication, because it is not Binding to Decedent's Heirs.

In *Young v. Horizon West, Inc.* (2013) 220 Cal.App.4th 1122, a nursing home defendant attempted to compel binding arbitration upon a resident by presenting to the trial court a power of attorney for health care. The appellate court, however, found that the nursing home defendant did not meet its burden of proof since: (1) the healthcare power of attorney only became effective upon the determination by a physician that the principal lacks capacity; (2) the nursing home defendant did not show any evidence that a physician made such a determination; (3) the person who signed the arbitration agreement was not the resident's primary "health care agent" under the power of attorney, but was the "first alternate agent"; (4) the nursing home defendant did not present sufficient evidence to suggest that the primary agent was unable to act on behalf of the resident; and (5) the power of attorney only authorized the agent to make "healthcare decisions" which does not encompass the execution of arbitration agreements. *Young*, 220 Cal.App.4th at pp. 1128-1129. The appellate court therefore affirmed the trial court's determination that the resident's daughter lacked authority to bind the resident to the arbitration agreement and the denial of the nursing home defendant's motion to compel arbitration. *Id*. at p. 1136.

The present case is substantially similar to *Young*. Here, like the daughter in *Young*, Defendant has not produced any evidence to establish that David, expressly authorized his sister, Cynthia, to act as his agent and sign the arbitration agreement with the nursing home facility. The court in *Young* determined that the principal question of whether plaintiff was bound by the agreement her daughter signed on her behalf, presented both factual and legal questions. Specifically, the court looked at (1) whether the daughter had the authority to represent the resident of the nursing facility in agreeing to arbitration and (2) did the patient's

advance health care directive confer such authority on the daughter.

In the instant case, Defendant presents no evidence regarding Cynthia Carrillo's authority to bind David Carrillo to arbitration. In *Young*, defendants argued that plaintiffs' daughter was plaintiffs' agent, based on a power of attorney for health care, which was part of the plaintiff's advanced health care directive. However, the court rejected this argument because the authority of an agent becomes effective only on a determination that the principal lacks capacity, and that this determination be made by a physician. *Young* at 1128.

Here, as in *Young*, there was no determination by a physician that would bind the plaintiff, and heirs to decedent, to have to submit to arbitration of their claims. Defendant relies only on a statement above Cynthia Carrillo's signature providing: "By virtue of Resident's consent, instruction and/or durable power of attorney, I hereby certify that I am authorized to act as Resident's agent in executing and delivering of this arbitration agreement." (*See* ECF Dkt. No. 9-2.) Defendant's argument fails because no durable power of attorney exists. Once again, Defendant has failed to meet its burden.

### 3. Defendant VMCC bears the burden of proving the existence of a valid arbitration agreement.

The court in *Flores v. Evergreen at San Diego, LLC,* (2007) 148 Cal.App.4th 581, 586, determined that "the party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement."

In *Flores*, an elderly resident suffering from dementia was admitted to the defendant's nursing home. Her husband signed various documents provided by the nursing home as part of the admission process. *Id*. at p. 585. The nursing home defendant argued that the husband's status as the resident's spouse gave him authority to bind her to the arbitration agreements at issue. *Id*. at p. 586. The court flatly rejected this argument, holding that the spousal relationship alone is insufficient to confer authority to agree to binding arbitration. *Id*. at pp. 586-594.

Also, although the husband signed lines variously designated "legal representative" or "responsible party," such labeling still did not confer upon the husband decision-making authority he expressly retained for himself. *Id*. at 585.

In *Goldman*, the court also rejected marital status as sufficient to confer agency. *Goldman*, *supra*, 220 Cal.App.4th at 1172. The party seeking to compel arbitration in Goldman pointed to the fact that the wife signed as the patient's "representative" and indicated she was signed due to his stroke," and that the husband's silence on the matter should be considered to be an adoptive admission of the arbitration agreements signed by the wife. *Id.* The court found that these items of evidence were not sufficient to demonstrate the formation of an agency relationship. *Id*. Words or conduct by both principal and agent are necessary to create the agency relationship. *Id.* "The status of marriage cannot substitute for the act of conferring agency to a spouse." *Id.* (emphasis in original).

The facts of this case are squarely on point with those in *Flores* and *Goldman*. Although it is Defendant's burden to produce a valid arbitration agreement, which they have not provided or referenced in their moving papers, in the event the Court determines that the arbitration agreement provided by Defendant is valid, it still fails to bind David's heirs to any arbitration proceedings. As in *Flores* and *Goldman*, the mere relationship between family members is insufficient to confer authority to submit to binding arbitration. Cynthia Carrillo's signature as indicated on the "representative line" does not demonstrate the formation of an agency relationship.

Moreover, Defendant cannot show that Cynthia Carrillo had Mr. Carrillo's durable power of attorney and thus the authority to bind Mr. Carrillo to the arbitration agreement. As Cynthia verifies in her declaration, she did not have her brother's power of attorney over his legal affairs and, as such, could not and did not provide any such document at the time of her brother's admission to the facility, or at any other time. Defendant has not produced any evidence to support

1   that Cynthia had durable power of attorney, which would allow her to make legal

2   decisions for her brother.

3       Thus, Defendants fail to meet their burden of proof, supplying zero facts or

4   law to support its argument that Cynthia Carrillo had the authority to sign the

5   arbitration agreement on behalf of her brother.

### 4.  Mr. Carrillo never gave any indication to the facility that his sister was his agent, ostensible or otherwise.

8       Defendant asserts that the arbitration document created an agency

9   agreement between Cynthia Carrillo and David Carrillo with respect to the

10  arbitration clause. However, *Valentine v. Plum Healthcare Group, LLC*, (2019)

11  37 Cal. App. 5th 1076, directly undermines Defendant's assertion.

12      In *Valentine*, the husband of the resident of a skilled nursing facility signed

13  an arbitration agreement under "the line marked 'Resident's Representative'

14  beneath the provision stating his signature indicated he had Lila's authority as her

15  agent to enter into arbitration agreements for her." *Id* at p. 1082. The defendant

16  skilled nursing facility argued that Roy was acting as the agent for his wife Lila.

17  The Court rejected this argument due to the absence of evidence that Lila

18  expressly authorized Roy to sign (express agency) and because there was no

19  evidence that Lila herself lead the facility to believe that Roy had the authority to

20  act for her (ostensible agency).

21      As to ostensible agency, the Court explained "[a]lthough Roy signed the

22  agreements apparently believing he could do so, 'the fact of belief is not enough.

23  It must be shown that the belief was engendered by conduct of the principal. To

24  hold otherwise would give any agent, not the authority, but the naked power to

25  bind his principal to any contract within the general scope of his duties, however

26  fantastic or detrimental to the principal's interest such contract may be." *South*

27  *Sacramento Drayage Co. v. Campbell Soup Co.* (1963) 220 Cal.App.2d 851, 856-

28  857, 34 Cal.Rptr. 137. That he signed as Lila's "representative" did not cast him

in the status of agent unless Lila's conduct engendered his belief and actions. *Id* at p. 1087; *Goldman*, *supra*, 220 Cal.App.4th at p. 1176, 164 Cal.Rptr.3d 11.

As to express agency, the Court stated: "There is no evidence in the record, however, that establishes Darleen had the authority either to execute arbitration agreements as Lila's agent or, if she had that authority, to delegate it to Roy." *Id* at p.1088; *see also Goldman v. Sunbridge Healthcare, LLC*, (2013) 220 Cal. App. 4th 1160, 1173 ("Here, defendants did not introduce any evidence that Edward [(the resident)]—by words or actions—agreed to have Judy [(his wife)] sign arbitration agreements or make health care decisions for him while he was capable of making them for himself. Thus, defendants failed to meet their burden of proof to establish Edward agreed to arbitration of any legal disputes. *Garrison*, *supra*, 132 Cal.App.4th at p. 263, 33 Cal.Rptr.3d 350.")

As numerous California cases have confirmed, an ostensible agency can be created based on the conduct or statements of the ***principal***; but the conduct or statements of the purported agent *cannot* establish an agency. See, e.g., *Pagarigan v. Libby Care Center*, (Cal.App. 2002) 99 Cal.App.4th 298, 301; *Lopez v. Bartlett Care Center, LLC*, (Cal.App. 2019) 39 Cal.App.5th 311, 318; *Goldman v. Sunbridge Healthcare, LLC*, (Cal.App. 2013) 220 Cal.App.4th 1160, 1172-1173.

As such, the mere act of signing the agreement is not sufficient to confer the power to bind the patient. Thus, there is no evidence to support a finding of either express or ostensible agency.

### 5.   Because There is a Possibility of Conflicting Rulings, the Court should exercise its Discretion Under Code of Civil Procedure § 1281.2(c).

Under California *Code of Civil Procedure*, §1281.2, subdivision (c), this Court may refuse to compel arbitration of all or part of an arbitrable controversy when there is a possibility of conflicting rules on a common issue of law or fact.

One of the primary issues in this case is the failure of Defendant to adequately care for David Carrillo while he was a resident at Defendant's facility. Plaintiff, Cynthia Carrillo, has alleged wrongful death as her third cause of action. A wrongful death action is a claim that belongs to David's heirs, rather than Decedent himself, and as such, is not subject to the arbitration agreement. *See* California *Code of Civil Procedure* § 377.60*; See also Daniels v. Sunrise Senior Living, Inc*., (2013) 212 Cal. App. 4th 674, 151 Cal. Rptr. 3d 273.

Accordingly, the wrongful death claim remains under the state court's jurisdiction. Under California *Code of Civil Procedure* § 377.60, the wrongful death cause of action is a separate cause of action in favor of the heirs as beneficiaries, based upon their own independent pecuniary injury suffered by loss of a relative, and distinct from any the deceased might have maintained had he survived. Therefore, if Plaintiff's claims proceed through arbitration, this case may potentially result in conflicting rulings on a common issue of law or fact.

In *Fitzhugh v. Granada Healthcare & Rehabilitation Center LLC,* (2007) 150 Cal.App.4th 469, the adult children of the decedent, who was alleged to have been neglected at a nursing home resulting in her death, asserted a wrongful death claim. *Id.* at 471. There the court discussed, "[i]t is irrelevant to the wrongful death cause of action whether George Fitzhugh may have signed the arbitration agreements as the decedent's 'legal representative/agent.' Because there is no evidence that George Fitzhugh signed the arbitration agreements in his personal capacity, ... there is no basis to infer that [he] waived [his] personal right to jury trial on the wrongful death claim" (citations omitted). Moreover, because the wrongful death cause of action was not arbitrable, the appellate court affirmed the trial court's ruling, applying section 1281.2, subdivision (c) because forcing the decedent's estate to arbitrate the elder abuse claims in a separate forum could lead to inconsistent rulings of common law or fact. *Id.* at 475-476; *accord Daniels, supra*, 212 Cal.App.4th 684.

Similarly, here, Cynthia purported to sign the arbitration agreement in her representative – not individual – capacity. Moreover, the wrongful death claim is based on the same failures of the Defendant to provide adequate care as laid out in the Complaint, which forms the basis of the elder abuse cause of action. Thus, splitting the case, and hearing almost the exact same issues in two different forums could result in inconsistent findings of fact or law regarding this case based on the same incident. This is the same situation presented in *Fitzhugh* and *Daniels*. Accordingly, section 1281, subdivision (c) requires that this motion be denied.

Additionally, while "there is a strong public policy in favor of arbitration, there is an 'equally compelling argument that the Legislature has also authorized trial courts to refuse enforcement of arbitration agreements [or stay the arbitration] when, as here, there is a possibility of conflicting rulings.'" *Fitzhugh*, *supra*, 150 Cal.App.4th at 475. The whole purpose of section 1281.2(c) is to prevent prejudice associated with unfairly forcing parties to litigate their case in multiple forums and protect the integrity of the trial courts' authority by preventing the possibility of conflicting rulings. *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 783, citing *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1114-1115.

Here, keeping all parties and causes of action in Superior Court will accomplish these goals by preventing prejudice, preserving the integrity of the trial court's authority, and ensuring at least a fair opportunity for Plaintiff to receive justice.

## C.    The arbitration agreement is procedurally and substantively unconscionable, and therefore unenforceable.

The purported arbitration agreement is both procedurally and substantively unconscionable and, therefore, unenforceable. *Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322, 1328. Although a showing of both

substantive and procedural unconscionability is required, the court has held they "need not be present in the same degree…the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable and vice versa." *Suh v. Superior Court,* (2010) 181 Cal.App.4th 1504, 1515.

The procedural aspect of the unconscionability analysis focuses on the manner in which the agreement was negotiated and, typically, on "the oppressiveness of the stronger party's conduct." *Kinney, supra*, 70 Cal.App.4th at 1329. Procedural unconscionability may be proven by showing oppression, which is present when a party has no meaningful opportunity to negotiate terms or the contract is presented on a take-it-or-leave-it basis. *Lhotka v. Geographic Expeditions, Inc*. (2010) 181 Cal.App.4th 816, 821.

Without any type of Power of Attorney, Cynthia has no authority to enter into any arbitration agreements on behalf of her brother, and Mr. Carrillo had no say in whether he wanted to arbitrate his claims. Moreover, the manner in which the Arbitration Agreement is worded attempts to bind all of David Carrillo's family member's potential claims to arbitration without their consent.

The Arbitration Agreement submitted in support of Defendant's Motion does not refer to any specific parties, but simply leaves a line where any resident's name can be quickly written in and any line where a "facility representative" can sign. The reasonable inference is that such form agreements are standardized by the Defendant and not negotiated in any way by the prospective parties. The subject Agreement certainly was not created specifically to memorialize a negotiated contract between the parties. Additionally, the Arbitration Agreement was embedded in a large stack of admission documents.

"Substantive unconscionability focuses on 'the actual terms of the agreement and evaluates whether they create such 'overly harsh' or 'one-sided' results as to 'shock the conscience'. [Citations]." *Suh, supra*, 181 Cal.App.4th at

1515. California has a strong policy against one-sided arbitration agreements. *Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83. "Without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more as a means of maximizing [defendant] advantage." *Id*. at 118.

### 1. The Agreement Lacks Bilateral Mutuality

Courts have found that it is "unconscionable if the agreement requires 'arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party." *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 713, *quoting Armendariz, supra*, 24 Cal.4th at 119.

In *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 115 the court found that an arbitration agreement between an employer and employee lacked mutuality when the employee's claims, such as those for wages, compensation, benefits, torts, and discrimination, were subject to arbitration, but the employer's claims, including trade secrets, misuse/disclosure of confidential information, and unfair competition, were not. *Id*. The court found that the arbitration agreement "requires employees to arbitrate the claims they are most likely to assert against [employer], while simultaneously permitting [employer] to litigate in court the claims it is most likely to assert against its employees." *Id.*

Similarly, here, the arbitration agreement is written in such a way to include all claims regarding Mr. Carrillo's residency, care or services that can be made against the facility including claims for elder abuse and neglect. The effect of this language is that any potential claim that Plaintiff could have against Defendant is subject to arbitration under the agreement. At the same time, Defendant expressly reserves the right to pursue their claims against Plaintiff in court.

Under Article 4, the agreement states that it does not apply to "disputes pertaining to collections or evictions." (*See* ECF Dkt. No. 9-2.) Defendant has

---

essentially no obligations to arbitrate any potential claims they may have against Plaintiff or any other resident. The only foreseeable and feasible claims that Defendant could have against Mr. Carrillo or any other resident would be in regard to payments made or owed to them and eviction proceedings.

Therefore, Defendant has deprived Mr. Carrillo of a right to a jury while retaining for themselves the right to pursue judicial remedies. There is no reasonable justification for imposing arbitration limitations against facility residents while reserving a judicial forum for their own claims. *See Martinez, supra*, 24 Cal.4th at 118 ["without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more as a means of maximizing [defendant's] advantage."].)

The central purpose of this arbitration agreement is to bind Mr. Carrillo to arbitration and therefore the entire agreement is unenforceable. *See Armendariz, supra*, 24 Cal.4th at 124.

## IV.   **CONCLUSION**

For the above stated reasons, Plaintiffs respectfully request the Court to deny Defendant's motion to compel arbitration.

Dated:  March 12, 2021         **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Anne Marie Murphy*
ANNE MARIE MURPHY
CARLOS URZUA
KALI V. FOURNIER
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Anne Marie Murphy, hereby certify that, on March 12, 2021, I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By: _  /s/ Anne Marie Murphy_
ANNE MARIE MURPHY