**LEWIS BRISBOIS BISGAARD & SMITH** LLP
KATHLEEN M. WALKER, SB# 156128
   Email: Kathleen.Walker@lewisbrisbois.com
LYNNETTE A. CHRISTOPOULOS, SB# 192123
   Email: Lynnette.Christopoulos@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile:  213.250.7900

Attorneys for Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA CARRILLO, individually and as heir of DAVID CARRILLO, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>VILLA MESA CARE CENTER, a/k/a San Antonio Post Acute, and DOES 1-50,<br><br>Defendants. | CASE NO. 5:21-cv-00150 FLA(SPx)<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL BINDING ARBITRATION**<br><br>Date: **April 2, 2021**<br>Time: **1:30 p.m.**<br>Dept. **6B** |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**COME NOW** Defendant SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER ("Defendant"), hereby submits this Reply Brief in Support of Defendant's Motion/Petition to Compel Arbitration.

**I.   INTRODUCTION**

The Opposition does not refute the fact that the Arbitration Agreement was executed by Plaintiff Cynthia Carrillo.  Plaintiffs try to avoid their contractual obligation to arbitrate by claiming the person who executed the Agreement (Cynthia Carrillo) lacked the authority to execute same on behalf of David Carrillo ("Mr. Carrillo" or "Decedent"). At first glance Plaintiffs' opposition appears reasonable, however, in light of the facts set forth herein and case law the instant Motion must still be granted.

Plaintiffs' counsels contention that Cynthia Carrillo lacked authority to act on her brother's behalf, despite the fact she signed all agreements related to her brother's residency at Defendant's facility, SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER ("Villa Mesa"), is disingenuous. Here, the facts clearly demonstrate that Cynthia Carrillo reviewed and signed the Arbitration Agreement on her brother's behalf and decedent did not object to Cynthia Carrillo acting as his agent when she executed the Admission and Arbitration Agreement. Absent any evidence to refute the certification provided by Plaintiff, Cynthia Carrillo, that she indeed was authorized to act in the manner that she did in executing the Agreement - the subject Motion should be granted. Plaintiff has failed to provide any evidence to refute said certification and thus have failed to refute that Cynthia Carrillo was authorized via consent or via a DPOA that to act on the decedent's behalf.

Additionally, the fact that Plaintiff Cynthia Carrillo failed to present any evidence to defense counsel to support her counsel's contention that she lacked the authority to act on the decedent's behalf, establishes Cynthia Carrillo was decedent's agent. Based on the fact that the law presumes a party to a contract read and understood and assented to its terms (*Randa v. YMCA*, 17 Cal. App. 4th 158, 163 (1993)), it would seem incumbent upon plaintiff (Cynthia Carrillo) to advise the Court if her counsel's contention is correct; to explain why she certified she was the decedent's agent if she was truly not said agent; to affirmatively refute her prior certification that she was the decedent's agent when she signed the Arbitration Agreement– all action she has failed to do in Plaintiffs' opposition.

The Opposition fails to deny that the subject Arbitration Agreement was executed by Plaintiff Cynthia Carrillo and the Opposition fails to allege or present any evidence of fraud, trick or duress in the execution of the Agreement. As such, there are no grounds to deny the instant Motion which simply seeks to have Plaintiff comply with the contractual obligation to Arbitrate the instant dispute. The instant Motion must be granted.

## II. CONTRARY TO PLAINTIFF'S FALSE ASSERTION, THE ARBITRATION AGREEMENT IS PROPERLY BEFORE THE COURT

The Opposition contends that defense counsel's declaration is insufficient to properly put before the court the Arbitration Agreement. Said contention ignores the holding in *Condee v. Longwood Management Corp.*, 88 Cal. App. 4th 215, 218-219 (2001), wherein the Court stated that it is not necessary to follow the normal procedures of document authentication for a Motion to Compel Arbitration. In *Condee*, the Court stated,

> "For purposes of a petition to compel arbitration, **it is not necessary to follow the normal procedures of document authentication**. 'The court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate exists…' **The statute does not require the petition to introduce the agreement into evidence**. A plain reading of the statute indicates that as a preliminary matter the court is only required to make a finding of the agreement's existence, not an evidentiary determination of its validity. [¶]…**Petitioner need only allege the existence of an agreement….Once the petitioners had alleged that the agreement exists, the burden shifted to respondents to prove the falsity of the purported agreement.**" (Emphases added).

Based on the foregoing, plaintiff's argument is lacking and the Arbitration Agreement is properly before the Court.

## III. DECEDENT'S MENTAL CAPACITY HAS NO IMPACT ON THE ENFORCEABILITY OF THE AGREEMENT TO ARBITRATE

The Opposition attempts to assert that plaintiff's mental capacity has a role in the enforceability of the Agreement. Said contention is erroneous as the Agreement was signed by the Plaintiff's agent. As the Court is aware, an agent can be designated multiple ways: by written instrument such as a DPOA or by verbal and non-verbal conduct wherein the principal appoints the agent to act on his or her behalf. (*See also Ermoian v. Desert Hospital*, 152 Cal. App. 4th 475, 502 (2007) [An Agency is actual when the agent is really employed by the principal]; *see also Mejia v. Community Hosp. of San Bernardino*, 99 Cal. App. 4th 1448, 1456 (2002); *Flores v. Evergreen at San Diego, LLC.*, 148 Cal. App. 4th 581, 587-588 (2007).)

As such, absent evidence from Cynthia Carrillo refuting the above-mentioned certification that her brother had appointed her as his agent the instant Agreement is valid and enforceable.

## IV. THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE

The Opposition does not refute that the Arbitration Agreement was executed by the plaintiff/decedent's representative, Cynthia Carrillo on behalf of the resident/decedent Mr. Carrillo. Plaintiff admits in the Opposition that Ms. Carrillo managed her brother's care as his representative at all relevant times. (Dkt #18, p.6-7.) For as Cynthia Carrillo puts it, "[Mr. Carrillo] was nonverbal" and she was acting as her brother's legal representative with regard to Mr. Carrillo's residency at Villa Mesa. Plaintiff can categorize this relationship any which way she chooses but the facts and documents speak for themselves.

Plaintiff's reliance on *Young v. Horizon West*, 220 Cal. App. 4th 1122 (2013) is distinguishable as plaintiff in the instant case has failed to present any competent evidence that Cynthia Carrillo lacked the authority to act on her brother's behalf. Absent the production of the power of attorney that is alleged to exist, and absent facts explaining why Cynthia Carrillo acted in the manner that she did if she was truly not her brother's agent, the instant Motion should be granted as plaintiff has failed to meet her burden of proof to invalidate the Agreement beyond her self-serving declaration. (*Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 413 (1996)).

Cynthia Carrillo does not refute the fact she signed the Arbitration Agreement and other legal documents, whereby she was named as the surrogate decision maker for her brother/decedent. Cynthia Carrillo admits in her Opposition that she signed all of the resident's/decedent's medical and legal documents but is arguing (without evidence) that she did not have the legal authority to do so. However the specific terms of the Arbitration Agreement which are not in dispute and have not be challenged by Plaintiff include the following:

> "**The Resident and/or the person executing this Agreement certifies that he/she has read this Agreement and has been given a copy of this Agreement, and affirmatively represents that he/she is duly**

**authorized, by virtue of the Resident's consent, instruction and/or durable power of attorney, to execute this Agreement and accept its terms on behalf of the Resident and acknowledges that the Facility is relying on the aforementioned certification."**

(Exhibit "2" to Defendant's moving papers, Emphases added).

Although Plaintiff does not dispute Cynthia Carrillo signed the Arbitration Agreement Plaintiff contends the Agreement is unenforceable yet the actual terms of the Arbitration Agreement prove otherwise. As the Court is aware, a party to a written contract is charged with having read and understood its contents. *Randas v. YMCA*, *supra*, at 163. In fact, when a person with the capacity of reading and understanding an instrument signs it, she may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground that he failed to read it before signing it. *Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1590 (1991). Cynthia Carrillo signed the Abirritation Agreement and is bound by its terms. She presents no evidence of fraud, trick or duress in the execution and thus has failed to invalidate the Agreement.

The action and certification of authority to act is action consistent with the Cal. Civ. Code § 2295's definition of an agent. An agent is defined as "one who represents another, called the principal, in dealings with third persons." Agency may be inferred from circumstances and conduct of the parties. *Michelson v. Hamada*, 29 Cal. App. 4th 1566 (1994). Here, the above certification and the complete failure on Plaintiff's part to provide any evidence to defense counsel or to this Court to support her counsel's contention that Cynthia Carrillo lacked the authority to act on the decedent's behalf is troubling.

By executing the Arbitration Agreement, the law presumes that the agent read and understood its terms and thus assented to the terms therein, including the statement therein that reads,

"NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ALL CLAIMS, INCLUDING CLAIMS OTHER THAN A CLAIM FOR MEDICAL MALPRACTICE, DECIDED BY ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL AND YOU AGREE THAT NO PARTY SHALL ADJUDICATE ANY CLAIM ON A CLASS ACTION BASIS."

(Exhibit "2" to Defendant's moving papers, Emphases added).

In *Ramirez*, the court stated, "Because of the nature of the warnings on the form, **a party attacking the arbitration agreement will doubtless have a difficult time**: she will have to explain **how her eyes avoided the 10-point red type above the signature lines**; she will have to explain why she did not ask any questions about what she was signing; she will have to show that no one...asked her to read it before signing it; and she will have to explain why she did not rescind the agreement within 30 days after it was signed.") (*Ramirez v. Sup. Ct.*, 103 Cal. App. 3d 746, 756-757 (1980) ; emphases added). Cynthia Carrillo's failure to do any of the above (aside from submitting a self-serving declaration after the fact) and her failure to take reasonable steps to read and understand what she executed does not render the Agreements invalid. As such, the Arbitration Agreement clearly is not unconscionable and should be enforced.

Cynthia Carrillo does not explain why she affirmatively represented she was her brother's agent if she was not and she likewise does not state that she never gave her verbal authority to act on her brother's behalf or that document appointing Cynthia Carrillo as her brother's agent does not exist. As such, she has failed to undermine the validity and enforceability of the subject Agreement and thus the instant Motion should be granted.

## V. CONTRARY TO PLAINTIFF'S FALSE ASSERTION, THE WRONGFUL DEATH CLAIM IS SUBJECT OT ARBITRATION

Contrary to Plaintiff's assertion, the cause of action for Wrongful Death should be ordered to be adjudicated in arbitration. First, the Arbitration Agreement specifically states that the Agreement is binding on the resident's "representatives, executors, family members, and heirs who bring any claims individually or in a representative capacity." (Ex. 2. Art. 4 to Defendant's moving papers.) Plaintiff's reliance on *Daniels v. Sunrise Senior Living*, 212 Cal. App. 4th 674 (2013), is misplaced as the *Daniels* case did not even pertain to a licensed healthcare provider and thus is clearly distinguishable from the Supreme Court case of *Ruiz v. Podolsky*, 50 Cal. 4th 838 (2010). Instead, the defendant in *Daniels* was a residential care facility for the elderly (RCFE). RCFEs are not licensed

healthcare providers and thus are not afforded the same protections / benefits that are extended by the Legislature to healthcare providers like the instant Defendant.

In *Ruiz* the **Supreme Court** held that an Arbitration Agreement that complies with Cal. Civ. Code § 1295 binds non-signatory heirs' wrongful death claims to arbitration. *Id*. The exact same issue before this Court. The Supreme Court set forth the history and split of authority on this issue and in the end stated, "we are persuaded that section 1295, construed in light of its purpose, is designed to permit patients who sign arbitration agreements to bind their heirs in wrongful death actions." *Id* at 849. The Supreme Court also noted, "there is the matter of practicality: "[I]t is obviously unrealistic to require the signatures of all the heirs, since they are not even identified until the time of death, or they might not be available when their signatures are required. Furthermore, if they refused to sign they should not be in a position possibly to delay medical treatment to the party in need." Based on the foregoing, the ruling in *Ruiz* is directly applicable to this case as the plaintiff here are alleging that the Defendant, a healthcare provider, failed to properly supervise and care for the decedent which resulted in injury to the decedent. Thus, the wrongful death heir in this case is bound by the terms of the subject Arbitration Agreement.

Since the Defendant at bar is a licensed healthcare provider, the California Supreme court case *Ruiz*, *supra*, 50 Cal. 4th 838 is controlling and not the cases cited in Plaintiff's Opposition. While Plaintiff cites *Fitzhugh v. Granada Healthcare & Rehab. Ctr*., 150 Cal. App. 4th 469 (2007), in Opposition but said case did not even have a valid agreement like the one at issue. Moreover, *Ruiz* was decided after *Fitzhugh* and *Ruiz* is a Supreme Court case. Further, *Ruiz* pertained to an heir's Wrongful Death claim which is what is asserted in the instant action. As such, all claims, including the wrongful death claim is subject to arbitration.

## VI.   THE COURT LACKS THE AUTHORITY TO INVOKE CAL. CIV. CODE § 1281.2(c) IN THIS INSTANCE

As discussed above, the Court is only authorized to invoke Cal. Civ. Code § 1281.2(c) if there are parties not subject to arbitration. Here, all the parties are subject to the terms of the arbitration agreement for the reasons set forth above.

Even if the Court finds a single party not subject to the Agreement it would still be improper to exercise discretion under Cal. Civ. Code § 1281.2(c) to deny arbitration. Cal. Civ. Code § 1281.2(c) expressly states therein that it "shall not be applicable to an agreement to arbitrate disputes as to the professional negligence of a health care provider made pursuant to Section 1295." Here, the subject Agreement to arbitrate is pursuant to Cal. Civ. Code § 1295; the Agreement complies with all Cal. Civ. Code § 1295 requirements; and the Defendant is a licensed health care provider and there is a Wrongful Death cause of action which is a negligence based claim. Thus, Plaintiff's invocation of Cal. Civ. Code § 1281.2(c) is misplaced as the Court is directed, by said code section, that it does not have discretion to deny arbitration in this instance. Based on the foregoing the Defendants respectfully request that the instant Motion be granted.

## VII.   CONCLUSION

Based on the foregoing, moving Defendant respectfully requests that this Court grant this Motion and order Plaintiff to arbitrate each cause of action asserted in the Complaint against the moving Defendant in binding arbitration or for an order that the Court finds to be just and proper.

DATED: March 18, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                         By:  */s/ Lynnette A. Christopoulos*
                                              Kathleen M. Walker
                                              Lynnette A. Christopoulos
                                              Attorneys for Defendant
                                              SELA HEALTHCARE, INC., dba VILLA MESA CARE CENTER

# CERTIFICATE OF SERVICE
*Carrillo, et al. v. Sela Healthcare Inc., dba Villa Mesa Care Center*
USDC-CD, Eastern Division, Case No. 5:21-cv-00150-FLA(SPx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 18, 2021, I served the following document:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL BINDING ARBITRATION**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

| | |
|---|---|
| Anne Marie Murphy, Esq.<br>Samuel Gutin, Esq.<br>Cotchett, Pitre & McCarthy<br>800 Malcom Road, Suite 200<br>Burlingame, CA 94010<br>Tel: 650.697.6000<br>Fax: 650.697.0577<br>Email: AMurphy@cpmlegal.com<br>sgutin@cpmlegal.com<br>***Attorneys for Plaintiffs*** | Carlos Urzua, Esq.<br>Kali V. Fournier, Esq.<br>Cotchett, Pitre & McCarthy<br>2716 Ocean Park Blvd., #3088<br>Santa Monica, CA 90405<br>Tel: 310.392.2008<br>Email: curzua@cpmlegal.com<br>kfournier@cpmlegal.com<br>***Attorneys for Plaintiffs*** |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 18, 2021            */s/ Yissel Lopez*
                                  Yissel Lopez

4842-5747-5553.1                                           5:21-cv-00150 FLA(SPx)
**CERTIFICATE OF SERVICE**