ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

GARY A. PRAGLIN (SBN101256)
gpraglin@cpmlegal.com
KELLY W. WEIL (SBN 291398)
kweil@cpmlegal.com
CARLOS URZUA (SBN 303176)
curzua@cpmlegal.com
KALI V. FOURNIER (SBN 320579)
kfournier@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Boulevard, Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYNTHIA CARRILLO**, individually and as heir of **DAVID CARRILLO, deceased**,<br><br>Plaintiff,<br><br>v.<br><br>**VILLA MESA CARE CENTER,** a/k/a San Antonio Post Acute Facility; and **DOES 1-50,**<br><br>Defendants. | CASE NO: 5:21-cv-00150 FLA-SP<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Magistrate Judge: Hon. Sheri Pym<br><br>Date: April 16, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 6B<br><br>Action Filed: January 26, 2021<br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... 1

II. DEFENDANT FAILS TO DEMONSTRATE FEDERAL QUESTION JURISDICTION ........................................................................................ 2

   A. Complete Preemption is Rarely Applied ............................................ 3

   B. The PREP Act and HHS Secretary Opinions Do Not Completely Preempt Plaintiff's Claims ................................................................. 4

   C. Plaintiff's State Law Claims Do Not Fall Within the Scope of the PREP Act ..... 7

   D. There is No Embedded Federal Question That Allows Jurisdiction ................ 10

III. DEFENDANT HAS FAILED TO DEMONSTARTE REMOVAL IS PROPER UNDER THE "FEDERAL OFFICER" REMOVAL STATUTE .................... 12

IV. CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beneficial Nat. Bank v. Anderson*,
  539 U.S. 1, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) ................................................. 3, 4

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ..................................................................................................... 5

*City of Oakland v. BP PLC*,
  969 F.3d 895 (9th Cir. 2020) .................................................................................. 4, 11

*Dupervil v. All. Health Operations, LCC*,
  2021 WL 355137 (E.D.N.Y. Feb. 2, 2021) ............................................................. 9, 12

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
  463 U.S. 1 (1983) ......................................................................................................... 4

*Garcia v. Welltower OpCo Grp.*,
  No. 20-CV-2250 (JVS) (KES) ..................................................................................... 6

*Gaus v. Miles, Inc.*,
  980 F.2d 564 ................................................................................................................. 2

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005) ......................................................................................... 10, 11, 12

*Hansen v. Grp. Health Coop.*,
  902 F.3d 1051 (9th Cir. 2018) ...................................................................................... 3

*Hunter v. Philip Morris USA*
  582 F.3d 1039, 1042 (9th Cir. 2009) ............................................................................ 2

*Moore-Thomas v. Alaska Airlines, Inc.*,
  553 F.3d 1241 (9th Cir. 2009) .................................................................................. 5, 6

*Our Children's Earth Found. v. U.S. Envtl. Prot. Agency*,
  527 F.3d 842 (9th Cir. 2008) ........................................................................................ 6

*Parker v. St. Lawrence Cty. Pub. Health Dep't*,
  102 A.D.3d 140 (2012) ................................................................................................. 6

*Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,
  768 F.3d 938 (9th Cir. 2014) ........................................................................................ 3

*Saldana v. Glenhaven Healthcare LLC*,
  No. CV 20-5631 FMO, 2020 U.S. Dist. LEXIS 216490 (C.D. Cal. Oct. 14, 2020) ..... 9

*Sullivan v. Am. Airlines, Inc.*,
   424 F.3d 267 (2d Cir. 2005) .................................................................................. 3, 4, 6

*Watson v. Philip Morris Cos.*,
   551 U.S. 142 (2007) ............................................................................................... 12, 13

*Whitehurst v. 1199SEIU United Healthcare Workers E.*,
   928 F.3d 201 (2d Cir. 2019) (per curiam) ............................................................... 3

**Statutes**

12 United States Code

   §§ 85–86 ..................................................................................................................... 3, 4

28 United States Code

   § 1442(a) .................................................................................................................... 13

   § 1447(c) .................................................................................................................... 1

29 United States Code

   § 1132(a) .................................................................................................................... 3

   § 185 ........................................................................................................................... 3

42 United States Code

   § 247d-6d ................................................................................................................... 7

   § 247d-6d(a)(1) ......................................................................................................... 5, 7

   § 247d6d(c)(1)(B) ..................................................................................................... 5

   Welfare & Institutions Code

   §15600 et seq. ........................................................................................................... 3, 5

Employee Retirement Income Security Act

   § 502(a) ...................................................................................................................... 3

Health & Safety Code

   §1430(b) ..................................................................................................................... 4

Labor-Management Relations Act

   § 301 ........................................................................................................................... 3

National Bank Act

   §§ 85 and 86...................................................................................................................3, 4

**Other Authorities**

Advisory Opinion No. 21-01 ............................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Cynthia Carrillo ("Plaintiff") submits this Reply in support of her Motion for Remand [ECF Dkt. No. 15], based on lack of federal subject matter jurisdiction.

### I.   INTRODUCTION

Defendant VILLA MESA CARE CENTER, a/k/a San Antonio Post Acute Facility (hereinafter "Defendant") attempts to create federal subject matter jurisdiction in two separate ways: (1) federal question by way of complete preemption and/or imbedded question of federal law and (2) federal officer jurisdiction. Because neither of Defendant's arguments has any merit, this case should be remanded to state court. Plaintiff filed this elder abuse, neglect, and wrongful death lawsuit in state court asserting **only state claims**. Plaintiff's allegations detail the avoidable and heartbreaking loss of one man, a son, a brother, a dependent adult, David Carrillo. Plaintiff's state court claims are not premised on the PREP Act and therefore belong in state court.

Specifically, Plaintiff alleges Defendant failed to act reasonably, including:
- failure to provide reasonable care;
- failure to implement an effective infection control program;
- failure to properly train staff;
- failure to employ adequate staff;
- failure to identify changes in conditions; and
- failure to protect Mr. Carrillo from foreseeable health and safety hazards.[1]

The breach of duty Plaintiff alleges in the Complaint is Defendant's duty to act reasonably under the circumstances in order to provide care to Mr. Carrillo in compliance with the applicable standard of care. In a healthcare context, this duty to act reasonably under the circumstances and to comply with the standard of care arises

---

[1] ECF Dkt. No. 1-3 (Complaint) at pg. 4, ¶4; pg.8 ¶¶35-37; pg. 9, ¶38-39; pg. 10 ¶¶ 44-45; pg. 10 ¶47; pg. 11 ¶¶52-57; pg. 13 ¶70; pgs. 13-14 ¶76; pg. 15 ¶ 80.

very specifically from the healthcare provider/patient relationship. It was not created by the Public Readiness and Emergency Preparedness Act ("PREP Act"). It is not related to any of the provisions of the PREP Act. In fact, it is not mentioned anywhere in the PREP Act, or the Secretary's First, Second, Third, Fourth or Fifth Declaration.

Defendant's recycled arguments under the Fourth Amended Declaration to the PREP Act ("Fourth Amendment") and the January 8, 2021 Advisory Opinion ("Advisory Opinion") fail to recognize that the allegations in Plaintiff's Complaint all relate to Defendant's **inactions**, not to Defendant's affirmative administration or *use of any* covered countermeasures that led to Mr. Carrillo's untimely death. The broadening of the PREP Act does not protect the failure to take *any* action.

This duty is one that applies to every health care provider every time they provide any type of care to a patient/resident. It existed long before the PREP Act was enacted and will continue to exist long after the current pandemic subsides, and the Secretary's Declaration expires. Defendant's duty to comply with the standard of care is completely independent of the PREP Act.

Defendant's Notice of Removal and Opposition to Plaintiff's Remand Motion ignores the now growing precedent that (1) the PREP Act does not automatically create federal question jurisdiction and (2) general guidelines are insufficient to establish federal officer jurisdiction.

Plaintiffs respectfully submit that Remand is appropriate.

## II.  DEFENDANT FAILS TO DEMONSTRATE FEDERAL QUESTION JURISDICTION

There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (noting that any doubt is resolved against removal). Defendant advances two theories in support of its claim of federal question jurisdiction: (1) federal law completely preempts the state-law claims and (2) a federal question is

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
 MOTION TO REMAND; CASE NO. 5:21-cv-00150 FLA-SP

2

embedded in the state-law claims. Both theories rely on Defendant's interpretation of the effect of the PREP Act as applied to this case. These jurisdictional arguments lack merit for the following reasons:

### A. Complete Preemption is Rarely Applied

Despite Plaintiff's allegations of only state law claims in its Complaint, Defendant's argue that removal is appropriate under federal question jurisdiction because of complete preemption. A claim that is on its face, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (*quoting Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)).

The complete preemption that confers federal question jurisdiction is very rare. *Hansen v. Grp. Health Coop.,* 902 F.3d 1051, 1057 (9th Cir. 2018). The Supreme Court has recognized only three statutory provisions as having such extraordinary preemptive force: (1) Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185; (2) Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005); *accord Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (per curiam). The commonality among all of these statutes is that they "provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 2, 123 S. Ct. 2058, 2060, 156 L. Ed. 2d 1 at 8 (2003).

Here, Defendant's cite to "numerous statutes", which lower courts have found as affording complete preemption in a footnote of their Opposition, without any explanation of how those statutes are applied here. [ECF Dkt. No. 21 at 4:5-6]. Defendant's fail to provide any evidence that the PREP Act includes exclusive causes of action for Plaintiff's (1) Violations of the Elder and Dependent Adult Civil

Protection Act (Welfare & Institutions Code §15600 et seq.), (2) Negligence, (3) Wrongful Death, and (4) Violations of Resident Rights (Health & Safety Code §1430(b), claims. Unlike the statutory provisions the Supreme Court has recognized as completely pre-emptive through their extraordinary pre-emptive force, the PREP Act fails to expressly "provide[ ] the exclusive cause of action for the claim asserted[.]" *Beneficial Nat'l Bank, et al. v. Anderson*, 539 U.S. 1, 8 (2003); *see, e.g. National Bank Act*, 12 U.S.C. §§ 85-86 (1980) (providing the exclusive cause of action for usury causes of action against national banks).

Without the exclusive substitute causes of action, Plaintiff's state law claims are not completely preempted by the PREP Act. This finding has been consistent throughout the District Courts and this Court should not be dissuade by Defendant's last ditch effort for the "***potential*** for new or expanded federal law and policy that ***could*** have significant ramifications for future claims implicating the PREP Act". [ECF Dkt. No. 21 at 2:3-5].

### B. The PREP Act and HHS Secretary Opinions Do Not Completely Preempt Plaintiff's Claims

Next, Defendant erroneously contends that the "PREP Act is also a complete preemption statute." [ECF Dkt. No. 21 at 5:8]. Under the complete preemption doctrine, the preemptive force of federal law must be so great as to leave no room for a state claim. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983). While discussing the limited nature of the doctrine, the Ninth Circuit held that "complete preemption for purposes of federal jurisdiction under Section 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland*, 969 F.3d at 906 (*citing Hansen*, 902 F.3d at 1057). Accordingly, "to determine whether a federal statute completely preempts a state-law claim within its ambit, we must ask whether the federal statute provides 'the exclusive cause of action' for the asserted state-law claim." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, at 275–76 (2d Cir. 2005) (quoting

*Beneficial Nat. Bank*, 539 U.S. at 9).

As detailed above, the PREP Act does not provide exclusive causes of action for the four state law claims[2] brought by Plaintiff that fall within its scope; in fact, for the most part, the PREP Act provides no causes of action at all. The PREP Act is, at its core, an immunity statute; it does not create rights, duties, or obligations. *See* 42 U.S.C. § 247d-6d(a)(1). Defendant attempts to misguide this Court by claiming that the remedies provided by the PREP Act somehow take the place of a specific cause of action. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

In this case, Plaintiff has brought negligence claims. If the negligence claims were preempted, then Plaintiff would have to look to the Secretary's compensation program for relief.[3] Under Ninth Circuit law, such administrative relief is not the type of displacement remedy that triggers complete preemption. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245-46 (9th Cir. 2009). For purposes of complete preemption, the displacement remedy must supply a federal cause of action. *See Id.* ("The [Railway Labor] Act does not provide a federal cause of action, without which complete preemption ... cannot exist.") (quoting treatise). An administrative remedy will not suffice because the complete-preemption doctrine rests on the theory

---

[2] Plaintiff's Causes of Action: (1) Violations of the Elder and Dependent Adult Civil Protection Act (Welfare & Institutions Code §15600 et seq.), (2) Negligence, (3) Wrongful Death, and (4) Violations of Resident Rights (Health & Safety Code §1430(b).

[3] The PREP Act emphasizes that the definition of "willful misconduct" is to be strictly construed as "establishing a standard for liability that is more stringent than a standard of negligence in any form or recklessness." 42 U.S.C. § 247d6d(c)(1)(B). Defendant does not appear to argue that the allegations in the Complaint amount to willful misconduct within the meaning of the PREP Act.

that any state claim within its reach is "transform[ed] . . . into federal claims." *Rivet*, 522 U.S. at 476; *see Moore-Thomas*, 533 F.3d at 1246 (administrative remedy insufficient to confer jurisdiction). This transformation is the source of original federal jurisdiction by supplying a federal cause of action.

The PREP Act does not create original federal jurisdiction over a covered claim for negligence. On the contrary, Congress precluded it by vesting exclusive jurisdiction in the HHS Secretary. In this circumstance, "allowing removal to federal court on complete-preemption grounds . . . is internally inconsistent: the district court must have jurisdiction for removal to be proper, but the court must then dismiss the removed case because only [the administrative agency], not federal courts, have primary jurisdiction . . ." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005).

Additionally, Defendant's reliance on *Garcia v. Welltower OpCo Grp.*, No. 20-CV-2250 (JVS) (KES)) is also unpersuasive as Plaintiff distinguished this case in its moving papers. [*See* ECF 15 at pg. 14:23-15:11 and *see also* ECF 16, Exhs. 5-8].

Furthermore, Defendant's reliance on *Parker v. St. Lawrence Cty. Pub. Health Dep't*, 102 A.D.3d 140 (2012), is misguided. In *Parker*, a parent sued the local health department for vaccinating her young daughter during the H1N1 outbreak without parental consent. The state court considered the conflict preemption clause in the PREP Act and found that the plaintiff's tort claims for battery and negligence were preempted within the meaning of that clause. *Id.* at 143-44. In holding that the tort claims were preempted, the state court in *Parker* had no occasion to consider federal question jurisdiction. Thus, *Parker* did not address, much less decide, the issue of complete preemption. That is the point that matters here and therefore *Parker* is inapplicable.

Finally, Defendant's reliance on Advisory Opinion 21-01 is also unpersuasive. First, an "Agency's position on jurisdiction is not entitled to deference under Chevron[.]" *Our Children's Earth Found. v. U.S. Envtl. Prot. Agency*, 527 F.3d 842,

846 n.3 (9th Cir. 2008) (rejecting the agency's argument that the District Court lacked jurisdiction to evaluate statutory requirements). Second, HHS Advisory Opinion 21-01 explicitly states it "does not have the force or effect of law." Advisory Opinion No. 21-01. As such, HHS Advisory Opinion 21-01 was expressly not "promulgated in the exercise of [ ] authority." *Mead Corp.,* 533 U.S. at 226-27. Third, the PREP Act is unambiguous. Thus, Chevron deference is inapplicable for HHS Advisory Opinion 21-01.

The PREP Act does not completely preempt Plaintiff's claims.

### C. Plaintiff's State Law Claims Do Not Fall Within the Scope of the PREP Act

In the PREP Act, Congress provided immunity under both federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if the HHS Secretary issues a declaration. 42 U.S.C. § 247d-6d(a)(1). Now Defendant misconstrues Plaintiff's argument for remand by erroneously alleging Plaintiff contends the PREP Act only applies to claims related to vaccine administration and that Plaintiff ignores the innovation of the PREP Act, in an effort to re-cast the complaint as more to their liking, so that they can create federal subject matter jurisdiction where, in reality, none exists.

Notwithstanding, the Secretary of the HHS has issued several declarations and advisory opinions have followed but two things have remained consistent: (1) the immunities of the PREP Act must relate to the use or non-use[4] of a covered countermeasure and (2) Plaintiff does not allege that Mr. Carrillo's death was causally connected to the administration or use of any covered countermeasure. Instead,

---

[4] Where there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to ... the administration to ... an individual" under 42 U.S.C. 247d-6d.

Plaintiff alleges precisely the opposite – that it was total inaction, rather than action, that caused Decedent's death.

Defendant's recycled arguments based on the Fourth Amendment and the January 8, 2021 Advisory Opinion fail to recognize that the allegations in Plaintiff's Complaint all relate to Defendant's inactions, not to Defendant's affirmative administration or *use of any* covered countermeasures that led to Mr. Carrillo's untimely death. Their argument is premised on only 12 of the 101 paragraphs in its FAC to support their argument that Plaintiffs claims involved covered countermeasures. [ECF Dkt. No. 21 at 14:22-25].

The few allegations that Defendant cites in their opposition fail to support their argument that Plaintiff's Complaint alleges Mr. Carrillo's injuries were in any way related to the use or non-use of covered countermeasures. In fact, five of the 12 allegations strengthen Plaintiff's argument because they point to Defendant's history of pre-COVID19 violations and substandard care. [*See* ECF Dkt. No.1-3 at ¶ 4, ¶ 27, ¶ 28, ¶ 29, and ¶ 30].

Plaintiff alleges Mr. Carrillo was harmed as a result of a combination of Defendants' failures to provide Mr. Carrillo with adequate services to meet his basic needs, such as nutrition, hydration, hygiene, and protection, [*See* ECF Dkt. No. 1-3 at ¶ 2, ¶ 35, ¶ 36, ¶ 37, ¶ 39, ¶ 40, ¶ 41, ¶ 43, ¶ 44, ¶ 47, and ¶ 58] and a history of sub-standard care [*See* ECF Dkt. No. 1-3 at ¶ 4, ¶ 27, ¶ 28, ¶ 29, and ¶ 30] that resulted in egregious elder abuse and neglect [*See* ECF Dkt. No.1-3 at ¶ 2, ¶ 21, ¶ 76, ¶ 77, ¶ 80, and ¶ 81]. Even assuming that Plaintiff's allegations could be construed as alleging the administration of covered countermeasures, they do not allege that Decedent's death resulted from Defendant's decision to administer covered countermeasures to other individuals. As such, there is no claim or allegation that Defendant "administered" a covered countermeasure, let alone took any action to protect Mr. Carrillo at a time when he was most vulnerable.

Moreover, the pre-emptive subsection found within the PREP Act might seem by its title, "Pre-emption of State Law," to imply, as Defendants alleges, that Congress expressly intended Plaintiff's claims be completely pre-empted. However, an examination of this subsection reveals it serves only to restrict state law relating to "design, development, clinical testing or investigation, formulation, manufacture, distribution, sale, donation, purchase, marketing, promotion, packaging, labeling, licensing, use, any other aspect of safety or efficacy, or prescribing, dispensing, or administration by qualified persons of the covered countermeasure." § 247d-6d(b)(8). Here, Plaintiff's allegations that Defendant failed to act with reasonable care, follow internal policies and procedures, and adequately staff the facility do not implicate any countermeasure identified in the PREP Act or added by amendments to the Declaration.

Additionally, Defendants argue that Plaintiff's reliance on *Magioli v. Andover Subactue Rehabilitation Ctr*. 2020 Lexis 145055 at *1 (D. N.J. August 12, 2020) and *Saldana v. Glenhaven Healthcare LLC*, No. CV 20-5631 FMO (MAAx), 2020 U.S. Dist. LEXIS 216490 (C.D. Cal. Oct. 14, 2020) are unpersuasive because they occurred prior to the Fourth Amendment.

Not only does this argument fail to recognize that the modifications of the Fourth Amendment do not dispel the fact that Plaintiff alleges Defendant failed to act at all but several cases following the December 3, 2021 Fourth Amendment expressly analyzed its authority, concluding that remand was appropriate. The growing list of cases that have been appropriately remanded include:

- Lane Hatcher v. HCR Prairie Village KS OPCO, LLC, 2:20 CV-02374-SAC-JPO (D.C. Kan., January 27, 2021),
- *Dupervil v. All. Health Operations, LCC*, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021),
- Fernande Lyons et al. v. Cucumber Holdings, LLC, et al, No. CV2010571JFWJPRX, 2021 WL 364640 (C.D. Cal. Feb. 3, 2021),

- The Estate of Judith Joy Jones through its Personal Representative Angela Brown et al v. St. Jude Operating Company, LLC, dba Healthcare at Foster Creek et al, 3:20-cv-01088-SB, (D.C. Ore., February 16, 2021),
- Estate of Voncile R. McCalebb, et al. v. AG Lynwood, LLC, et al., No. 2:20-cv-09746-SB-PVC, 2021, (C.D. Cal. March 1, 2021),
- Todd Lopez, As Personal Representative of the Estate of Helen Begay v. Life Care Centers of America, Inc. et al, CV 20-0958 JCH/LF, (D.C. NM, March 24, 2021),
- Ivey v Serrano Post Acute LLC, CV 20-11773 DSF, (C.D. Cal. March 25, 2021),
- Emma Martin et al v Serrano Post Acute LLC et al, CV 21-187 DSF, (C.D. Cal. March 25, 2021), and
- Ebony Stone v Long Beach Healthcare Center LLC et al, CV 21-326-JFW, (C.D. Cal. March 26, 2021).

Surely, Defendant's cannot in good faith argue that all of the above courts have erred in their interpretations of the Fourth Amendment to the PREP Act and remand to their respective state courts. Thus, it remains clear and consistent that the consensus among district courts across the country that state-law claims of negligence and wrongful death like those Plaintiff alleges here are not federal-law claims under the PREP Act. Because federal question jurisdiction is lacking, Remand is appropriate.

### D.     There is No Embedded Federal Question That Allows Jurisdiction

Finally, Defendant argues that a federal question is necessarily embedded in the state claims asserted in the Complaint. This theory of jurisdiction was discussed in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)—a case involving a seemingly ordinary quiet-title action, except for one significant federal twist. In *Grable*, the Internal Revenue Service (IRS) sold the property because of a federal tax delinquency, and the only issue was whether the IRS sale had complied with federal law. The Supreme Court framed the jurisdictional question as "whether

want of a federal cause of action to try claims of title to land obtained at a federal tax sale precludes removal to federal court of a state action with nondiverse parties raising a disputed issue of federal title law." *Id*. at 310.

In finding jurisdiction, the Supreme Court assessed whether the "state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. Applying this test, the Supreme Court first concluded that the state claim was "premised" on the IRS's alleged failure to comply with federal law, and that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id*. at 314-15. The Supreme Court next concluded that "it will be the rare state title case that raises a contested matter of federal law," so that "federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal state division of labor." *Id*. at 315.

Here, Defendant has not demonstrated that federal jurisdiction lies under *Grable*. Defendant's argue that they meet the standard under *Grable* for the same reasons they argued that there is complete preemption. Defendant's fail to recognize that the raises federal issue is their defense, not the actual claims made by Plaintiff.

Plaintiff's state claims do not require an interpretation, or challenge the constitutional validity, of a federal statute. *See City of Oakland v. BP PLC*, 969 F.3d 895, 907 (9th Cir. 2020) (finding no jurisdiction under the narrow principle articulated in *Grable*). Plaintiff's claims are not premised on the PREP Act; rather, Defendant seeks to rely on federal law as a <u>shield to liability</u>. *See Grable*, 545 U.S. at 314 (noting that the doctrine applies when there are "federal issues embedded in state-law claims").

And the reliance on a federal shield, if sufficient to create federal jurisdiction here, foreshadows much more than "a microscopic effect" on the federal-state divide. *Id*. at 315. Defendant attempts to use the federal shield to defeat ordinary state claims that are based on an alleged failure to follow federal guidelines. If allowed, all

1  "guidance" issued by the CDC and other federal agencies during the pandemic, would
2  result in a flood of state cases presented to federal court.
3        Defendant next tries to adopt the views of the HHS Secretary and his Office of
4  General Counsel (OGC).  However, neither the Secretary nor the OGC provides any
5  significant analysis of *Grable's* narrow holding and its two-pronged test.  Defendant's
6  reliance on the Fourth Amendment and Advisory Opinion are unpersuasive.  In fact,
7  the "Limitations" of the Advisory Opinion clearly state, "[i]t is ***not*** a final agency
8  action or a final order. It does ***not*** have the force or effect of law." [ECF 15, Exh. 7 at
9  pg. 5 (January 8, 2021 Advisory Opinion 21-01)].  Deference to the Secretary's
10 jurisdictional assertion is not due, and adherence to his conclusory assertion is not
11 warranted. *See Dupervil v. All. Health Operations*, LCC, 2021 WL 355137, at *10 &
12 *11 n.3 (E.D.N.Y. Feb. 2, 2021). [*See* ECF 16, Exh. 10].
13       As with complete preemption, HHS's opinion that the *Grable* standard is
14 satisfied is due no deference because the opinion is not within HHS's authority
15 delegated by Congress. And as with complete preemption, HHS provides no analysis
16 other than a statement of the rule and a declaration that the PREP Act satisfies it.
17       Therefore, there is no embedded federal question that allows for jurisdiction
18 here.

### III. DEFENDANT HAS FAILED TO DEMONSTARTE REMOVAL IS PROPER UNDER THE "FEDERAL OFFICER" REMOVAL STATUTE

21       Defendant fails to show support suggesting that Defendant acted as or under
22 federal agents, and to conclude so here would expand the federal officer statute to
23 unwieldly, undesirable, and unprecedented dimensions.
24       The Supreme Court has made clear that when a private person is "acting under"
25 a federal officer, such action "must involve an effort to assist, or to help carry out, the
26 duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142,
27 152 (2007) (*citing Davis v. South Carolina*, 107 U.S. 597, 600 (1883)). "[T]he help or
28 assistance necessary to bring a private person within the scope of the statute does not

include simply complying with the law." *Id*. Indeed, even "a highly regulated" private entity "cannot find a statutory basis for removal in the fact of federal regulation alone." Id. at 153. This holds true "even if the regulation is highly detailed and even if the private [entity's] activities are highly supervised and monitored." *Id*. Instead, "there must exist a 'special relationship' between" the federal and private entities. *Isaacson*, 517 F.3d at 137 (*quoting Watson*, 551 U.S. at 157).

The principle in *Watson,* remains dispositive here. The federal agencies including the Department of Health and Human Services, the Centers for Medicare and Medicaid Services ("CMS") and the Center for Disease Control and Prevention ("CDC") issued general guidance and recommendations regarding the provision of medical services.

The directions Defendant's point to are general regulations and public directives regarding the provision of medical services. Defendant has not shown that it was "acting under" a federal officer for purposes of the claims made in this lawsuit. Because this finding precludes federal officer jurisdiction, the Court need not reach the other two elements required under 28 U.S.C. § 1442(a). Therefore, removal is not justified by federal officer jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court remand this case to the Superior Court of California for the County of San Bernardino.

Dated: April 2, 2021        **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Anne Marie Murphy*
ANNE MARIE MURPHY
CARLOS URZUA
KALI V. FOURNIER
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Anne Marie Murphy, hereby certify that, on April 2, 2021, I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By: _/s/ Anne Marie Murphy_
ANNE MARIE MURPHY