JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA CARRILLO, | Case No. 5:21-cv-00150-FLA (SPx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 15] AND DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [DKT. 9]** |
| v. | |
| SELA HEALTHCARE, INC., d/b/a VILLA MESA CARE CENTER, et al., | |
| Defendants. | |

**RULING**

Before the court are two motions: (1) Plaintiff Cynthia Carrillo's ("Carrillo" or "Plaintiff") Motion to Remand Case to the San Bernardino County Superior Court (Dkt. 15) ("Motion to Remand" or "MTR"); and (2) Defendant Sela Healthcare, Inc., d/b/a Villa Mesa Care Center's ("Villa Mesa" or "Defendant") Motion to Compel Arbitration (Dkt. 9) ("Motion to Compel Arbitration" or "MTCA"). On April 12, 2021, the court found these matters appropriate for resolution without oral argument and vacated the hearing set for April 16, 2021. Dkt. 26; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

1

1

2    For the reasons stated herein, the court GRANTS Plaintiff's Motion to Remand

3    and DENIES as moot Defendant's Motion to Compel Arbitration.

4    **FACTUAL BACKGROUND**

5    This case arises in connection with the death of David Carrillo ("Decedent"), a

6    non-verbal sixty-five-year-old with Down syndrome who allegedly contracted

7    COVID-19 during his stay at Defendant Villa Mesa, a skilled nursing facility.  *See*

8    *generally* Dkt. 1-3 ("Compl.").  According to Plaintiff, who is Decedent's sister,

9    Decedent died at a hospital on April 17, 2020 because Defendant failed to follow

10   COVID protective procedures and skirted safety and infection controls.  Compl. ¶¶ 4,

11   9.  Plaintiff also alleges Villa Mesa had a history of treating Decedent without dignity

12   or respect and his condition rapidly declined upon entering the facility in December

13   2019.  *Id.* ¶¶ 4-6.

14   On December 23, 2020, Plaintiff commenced this action in the San Bernardino

15   County Superior Court to seek redress for the death of her brother.  *See generally*

16   Compl.  The Complaint alleges causes of action for: (1) elder abuse and neglect in

17   violation of Cal. Welf. & Inst. Code § 15600, *et seq*.; (2) negligence; (3) wrongful

18   death; and (4) violation of resident rights in violation of Cal. Health & Safety Code §

19   1430(b).  *Id.* ¶¶ 73-101.  Defendant removed this case to federal court on January 26,

20   2021, arguing the court has (a) federal question jurisdiction because the Public

21   Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (2006)

22   (the "PREP Act") completely preempts Plaintiff's state-law claims, (b) federal

23   question jurisdiction because Plaintiff's Complaint raises a substantial federal

24   question pursuant to *Grable & Sons Metal Products, Inc. v. Darue Engineering &*

25   *Manufacturing*, 545 U.S. 308 (2005), and (c) federal officer jurisdiction because

26   Defendant was acting at the specific direction and within the oversight of the federal

27   government.  *See generally* Dkt. 1.

28   / / /

1

**DISCUSSION**

2

A growing number of federal courts in this district have considered the same

3

jurisdictional arguments Defendant raises under similar facts involving COVID-19

4

related deaths in healthcare settings.  Most courts that have considered this issue have

5

remanded the actions to state court for lack of subject matter jurisdiction.  *See, e.g.*,

6

*Stone v. Long Beach Healthcare Ctr., LLC*, No. 2:21-cv-00326-JFW (PVCx), 2021

7

WL 1163572, at *3-8 (C.D. Cal. Mar. 26, 2021) (remanding for lack of jurisdiction

8

after finding PREP Act did not completely preempt state law claims or raise a *Grable*

9

question, and defendant could not remove under the federal officer statute); *Smith v.*

10

*Colonial Care Ctr., Inc.*, No. 2:21-cv-00494-RGK (PDx), 2021 WL 1087284, at *3-8

11

(C.D. Cal. Mar. 19, 2021) (same), *appeal filed*, No. 21-55377 (9th Cir. Apr. 19, 2021);

12

*Winn v. California Post Acute LLC*, No. 2:21-cv-02854-PA (MARx), 2021 WL

13

1292507, at *1-6 (C.D. Cal. Apr. 6, 2021) (same), *appeal filed*, No. 21-55468 (9th

14

Cir. May 6, 2021); *Golbad v. GHC of Canoga Park*, No. 2:21-cv-01967-ODW (PDx),

15

2021 WL 1753624, at *1-3 (C.D. Cal. May 4, 2021) (same), *appeal filed*, No. 21-

16

55561 (9th Cir. June 1, 2021); *Nava v. Parkwest Rehab. Ctr. LLC*, No. 2:20-cv-

17

07571-ODW (AFMx), 2021 WL 1253577, at *1-4 (C.D. Cal. Apr. 5, 2021) (same),

18

*appeal filed*, No. 21-55454 (9th Cir. May 4, 2021); *In re McCalebb v. AG Lynwood,*

19

*LLC*, No. 2:20-cv-09746-SB (PVCx), 2021 WL 911951, at *2-7 (C.D. Cal. Mar. 1,

20

2021) (same), *appeal filed*, No. 21-55302 (9th Cir. Mar. 31, 2021); *Thomas v. Century*

21

*Villa Inc.*, No. 2:21-cv-03013-MCS (KSx), 2021 WL 2400970, at *3-7 (C.D. Cal.

22

June 10, 2021) (same); *Padilla v. Brookfield Healthcare Ctr.*, No. 2:21-cv-02062-

23

DMG (ASx), 2021 WL 1549689, at *4-6 (C.D. Cal. Apr. 19, 2021) (finding no federal

24

question jurisdiction under the PREP Act and remanding).

25

The court is aware of only one case in this district that was decided to the

26

contrary of the above-cited authorities.  *See Garcia v. Welltower OpCo Grp. LLC*, No.

27

8:20-cv-02250-JVS (KESx), 2021 WL 492581, *6-7, 9 (C.D. Cal. Feb. 10, 2021)

28

(denying remand).  For the reasons expanded upon below, the court agrees with the

3

1  growing consensus in the Central District of California and GRANTS Plaintiff's

2  Motion to Remand.

3  **I.   Requests for Judicial Notice**

4        Both parties request the court take judicial notice of various documents to

5  support their arguments.  *See* Dkt. 16 ("Pl. RJN"); Dkt. 22 ("Def. RJN").  The court

6  takes judicial notice of the following documents because they are "matters of public

7  record" not "subject to reasonable dispute" under *Lee v. City of Los Angeles*, 250 F.3d

8  668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)): (1) the Secretary of Health and

9  Human Services' ("HHS") March 10, 2020 Declaration invoking the PREP Act in

10  response to the COVID-19 pandemic (the "Declaration") (Dkt. 1-11; Def. RJN Ex. 2);

11  (2) the HHS Secretary's December 3, 2020 Fourth Amendment to the Declaration

12  (Dkt. 1-14; Def. RJN Ex. 5); (3) the January 8, 2021 Office of the General Counsel for

13  the Department of HHS's Advisory Opinion 21-01 (Dkt. 1-10; Def. RJN Ex. 1);

14  (4) the HHS Acting Secretary's January 28, 2021 Fifth Amendment to the Declaration

15  (Dkt. 22-1; Def. RJN Ex. 29).  The court does not rely on the remaining documents in

16  reaching its decision and therefore DENIES all other requests as moot.

17  **II.   Legal Standard for Removal**

18        Federal courts have subject matter jurisdiction only as authorized by the

19  Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v.*

20  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court

21  may be removed to federal court only if the federal court would have had original

22  jurisdiction over the suit.  28 U.S.C. § 1441(a).  The removal statute is strictly

23  construed against removal, and "[f]ederal jurisdiction must be rejected if there is any

24  doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d

25  564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing

26  federal jurisdiction.  *Id.*  The court may remand the action sua sponte "[i]f at any time

27  before final judgment it appears that the district court lacks subject matter

28

jurisdiction." 28 U.S.C. § 1447(c); *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

**III.    Analysis**

    **A.    Federal Question Jurisdiction (28 U.S.C. § 1331)**

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

In support of its claim of federal question jurisdiction, Defendant argues that two exceptions to the well-pleaded complaint rule apply here—namely, that (1) federal law completely preempts the state-law claims, and (2) a federal question is embedded in the state-law claims. *See generally* Dkt. 21 ("Opp."). Both theories fail.

    *1.    PREP Act Preemption*

Passed in 2005, the PREP Act, 42 U.S.C. § 247d, provides immunity to "covered persons" against claims for losses due to the administration or use of a "covered countermeasure" in a declared public health emergency, such as the COVID-19 pandemic. 42 U.S.C. § 247d-6d(a)(1); *see* Notice of Decl., 85 Fed. Reg. 15198 (Mar. 17, 2020). "Covered countermeasures" include items such as drugs, biological products, devices used to prevent or treat a serious disease, and respiratory protective devices. 42 U.S.C. § 247d-6d(i)(1). "Covered persons" who may be immune from liability include manufacturers, distributors, and program planners of such

countermeasures.  *Id.* § 247d-6d(i)(2).  If immunity applies,[1] the injured person or their survivors may seek compensation from an administrative program that provides reimbursement for some losses associated with the use of covered countermeasures. *Id.* § 247d-6e.  The only exception to the Act's immunity from suit and liability of covered persons under subsection (a) is for death or serious physical injury proximately caused by willful misconduct, in which case an injured person or their representatives may file a claim in the U.S. District Court for the District of Columbia. *Id.* § 247d-6d(d).  On March 10, 2020, the Secretary of HSS declared the COVID-19 pandemic a public health emergency under the PREP Act, thereby authorizing liability protection for use of covered countermeasures (the "Declaration").  85 Fed. Reg. 15198-01; Dkt. 1-11.  The Secretary has since issued several amendments to the Declaration clarifying the scope of covered countermeasures and covered persons. *See, e.g.*, Def. RJN Exs. 5, 29.

First, Defendant argues the federal PREP Act completely preempts Plaintiffs' state-law claims, providing the court with subject matter jurisdiction to hear the action.  Opp. 3-12.  As an exception to the well-pleaded complaint rule, the complete preemption doctrine recognizes that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action."  *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020).  When a state-law claim is completely preempted by a federal claim, it ceases to exist and is "'recharacterized' as the federal

---

[1]  The parties dispute whether the PREP Act applies to Plaintiff's claims and whether Defendant is entitled to immunity under the Act.  *See* MTR 8-13; Opp. 12-16. Because the court finds it lacks subject matter jurisdiction in this action, the court need not resolve this issue and remands this question to the state court to decide.

1    claim that Congress made exclusive." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051,

2    1058 (9th Cir. 2018) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)).

3    Complete preemption, however, rarely applies. *City of Oakland*, 969 F.3d at 905-06

4    ("The Supreme Court has identified only three statutes that meet [its] criteria:

5    (1) § 301 of the Labor Management Relations Act … ; (2) § 502(a) of the Employee

6    Retirement Income Security Act of 1974 (ERISA) … ; and (3) §§ 85 and 86 of the

7    National Bank Act… .").

8         The court agrees with the majority of courts within this district that have

9    considered the issue, and holds the PREP Act was not intended to replace completely

10    state law claims related to COVID-19.  Nor does it provide a substitute cause of action

11    because the PREP Act is, at its core, an immunity statute—it does not create rights,

12    duties, or obligations. *See Dupervil v. All. Health Operations, LCC*, No. 1:20-cv-

13    04042-PKC (PK), 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021).  In other words,

14    the PREP Act, which was raised here as a defense to Plaintiff's claims, does not allow

15    Plaintiff to substitute in or "recharacterize" her claims as federal ones. *See Hansen*,

16    902 F.3d at 1058.

17         In support of its preemption argument, Defendant relies on several amendments

18    and an advisory opinion to the HHS Secretary's Declaration invoking the PREP Act.

19    For example, Defendant quotes the January 28, 2021 Fifth Amendment to the

20    Declaration for the proposition that "[t]he plain language of the PREP Act makes clear

21    that there is complete preemption of state law … ."  Opp. 8 (quoting Def. RJN Ex.

22    29); *see also Garcia*, 2021 WL 492581, at *6-7, 9 (denying remand after deferring to

23    the Acting HHS Secretary's advisory opinion regarding PREP Act preemption).

24         As other courts have recognized, however, neither the Acting HHS Secretary's

25    January 28, 2021 advisory opinion nor *Garcia* analyzed whether the PREP Act

26    satisfies the Ninth Circuit's applicable test on complete preemption.  *See, e.g.*, *City of

27    Oakland*, 969 F.3d at 906; *Lopez v. Greenfield Care Ctr. of S. Gate, LLC*, No. 2:21-

28    cv-02806-RGK (PVCx), 2021 WL 2546756, at *2 (C.D. Cal. May 19, 2021).   The

court, therefore, joins the other courts in the Central District that respectfully disagree with the January 28, 2021 advisory opinion, as such guidance is "neither persuasive nor entitled to deference because it is unsupported and contrary to law." *Lopez*, 2021 WL 2546756, at \*2; *see also Stone*, 2021 WL 1163572, at \*6 n.5 (concluding the Fifth Amendment to the Declaration "was not intended to and did not address the complete preemption analysis at issue" in these actions).

Accordingly, the court finds the PREP Act does not completely preempt Plaintiff's state-law claims. Plaintiff's theory of federal question jurisdiction on this basis fails.

### 2. *Embedded Federal Question*

Second, Defendant contends the court has subject matter jurisdiction because a federal question is necessarily embedded in the state claims asserted in the Complaint. For a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, Defendant has not demonstrated that federal jurisdiction lies under *Grable*. Plaintiff's claims do not necessarily raise a substantial federal issue because they do not require the interpretation or challenge the constitutional validity of any federal statute. *See City of Oakland*, 969 F.3d at 906-07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)). Rather, interpretation of the PREP Act arises only because Defendant has asserted it as a shield to liability. A federal issue that is

raised as a defense is not sufficient grounds to establish federal question jurisdiction.[2] *City of Oakland*, 969 F.3d at 907 n.6; *see also Caterpillar*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Stone*, 2021 WL 1163572, at *7 (finding plaintiff's claims did not present an embedded question under *Grable* because PREP Act immunity was merely related to defendant's defense and "not necessarily raised" by plaintiff's claims). The court thus lacks subject matter jurisdiction over Plaintiff's state-law claims.

## B.    Federal Officer Removal (28 U.S.C. § 1442(a)(1))

Finally, Defendant argues the court has subject matter jurisdiction pursuant to the federal officer removal statute. Under 28 U.S.C. § 1442(a)(1), a case may be removed by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." In the Ninth Circuit, federal officer removal is available to a defendant under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a

---

[2]  Defendant notes the HHS General Counsel stated that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable* … in having a uniform interpretation of the PREP Act." Def. RJN Ex. 5 (5/19/20 Am. to Advisory Op). The court, however, declines to adopt the HHS Secretary's conclusory assertion and finds there is no embedded federal question in the present case. *See Lynwood*, 2021 WL 911951, at *3 ("Deference to the Secretary's jurisdictional assertion is not due, and adherence to his conclusory assertion [regarding *Grable*] is not warranted.").

1    colorable federal defense." *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020)

2    (emphasis added) (citation omitted).

3         Defendant, however, is not acting pursuant to a federal officer's directions.

4    Although the federal officer removal statute is "liberally construed" in favor of

5    removal, "[a] private firm's compliance (or noncompliance) with federal laws, rules,

6    and regulations does not by itself fall within the scope of the statutory phrase 'acting

7    under' a federal 'official,' … even if the regulation is highly detailed and even if the

8    private firm's activities are highly supervised and monitored." *Watson v. Philip*

9    *Morris Cos.*, 551 U.S. 142, 147, 153 (2007). "A contrary determination would

10   expand the scope of the statute considerably, potentially bringing within its scope

11   state-court actions filed against private [entities] in many highly regulated industries."

12   *Id.*

13        Here, where removal is simply based on Defendant's alleged non-compliance

14   with various federal COVID-19 directives and regulations, the federal officer removal

15   statute does not apply. *See*, *e.g.*, *Lopez*, 2021 WL 2546756, at *1.

16   **IV.    Defendant's Request for Stay**

17        In the event the court grants Plaintiff's Motion to Remand, Defendant requests

18   the court temporarily stay the remand under Fed. R. Civ. P. 62(a) so Defendant can

19   appeal the court's denial of 28 U.S.C. § 1442 federal officer jurisdiction. Not. Opp. 2;

20   *see* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it

21   was removed is not reviewable on appeal <u>unless</u> the action "was removed pursuant to

22   section 1442 [the federal officer removal statute] or 1443 [civil rights cases]…."). As

23   § 1447 does not provide for a stay of execution pending such appeal, the grant or

24   denial of a stay "rests squarely in the sound discretion of the district court." *Poore v.*

25   *State of Ohio*, 243 F. Supp. 777, 782 (N.D. Ohio 1965). Since the great weight of

26   authority that considered the same argument regarding federal officer jurisdiction

27   under similar facts has found it meritless, the court declines to stay the remand

28

pending an appeal. *See also Smith*, 2021 WL 1087284, at *8 (declining to issue stay pursuant to 28 U.S.C. § 1447(d)).

### **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand (Dkt. 15) and DENIES as moot Defendant's Motion to Compel Arbitration (Dkt. 9). This case is REMANDED to the San Bernardino County Superior Court.

IT IS SO ORDERED.

Dated: September 8, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge